**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-2921
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff-Appellee,

VERSUS

WAYNE L. BRANCH

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____
(February 17, 1995)

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

Appellant Wayne L. Branch (Appellant) appeals from the jury's verdict finding him guilty of three counts of bank fraud, in violation of 18 U.S.C. § 1344, and two counts of wire fraud, in violation of 18 U.S.C. § 1343.  For the reasons below, we affirm.

## I.  BACKGROUND

Appellant was accused in a seven count indictment of committing bank fraud, wire fraud and bank theft through an elaborate scheme of kiting checks and wire transfers.  After trial to a jury, Appellant was convicted of bank and wire fraud, but acquitted of two counts of bank theft.  Only one issue is before us on appeal.

## II. ANALYSIS

Prior to trial, Appellant and the government expressed a desire to enter into a stipulation that four of the financial institutions involved were federally insured.[1]  A written stipulation was subsequently executed and filed with the court.  It is undisputed, however, that the stipulation was not tendered as a trial exhibit nor was the stipulation published to the jury.  Instead, the trial court provided a jury instruction which stated, in relevant part,

> For you to find the defendant guilty of the crimes charged in Counts One, Two, and Three of the indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> First:    That the defendant knowingly executed or attempted to execute a scheme or artifice to defraud;
>
> Second:  That the defendant acted with the intent to commit fraud; and
>
> Third:    That the victim was a federally insured financial institution.
>
> M   M   M   M
>
> You are instructed that it has been stipulated and agreed by the parties that the deposits of the banks named in the indictment were at the times alleged insured by the Federal Deposit Insurance Corporation. Accordingly, you may accept as an established fact that those banks were "insured depository institutions" and were federally insured financial institutions.

---

[1]    Federally insured status is an essential element of the crime of bank fraud.  See e.g. United States v. Schultz, 17 F.3d 723 (5th Cir. 1994).

2

Appellant offered no objection to the jury instruction as tendered, nor did the Appellant request that the stipulation be published to the jury or entered as an exhibit.

Appellant does not contest the veracity of the stipulation, nor does he contest the fact that he actually executed the stipulation and is thereby bound by its terms. Instead, Appellant simply contends that the government failed to prove each essential element of the crime of bank fraud because it did not offer the stipulation into evidence. While the better practice would have been to tender the stipulation as a trial exhibit, we find Appellant's argument to lack merit.

Appellant misapprehends the function of a stipulation. Once a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties. See e.g. United States v. Harper, 460 F.2d 705, 707 (5th Cir. 1972); Poole v. United States, 832 F.2d 561, 565 (11th Cir. 1987), cert. denied, 488 U.S. 817 (1988). Appellant himself signed the stipulation, and cannot now claim that the government failed to offer evidence on an element to which he confessed. The court's instruction to the jury was both factually

3

and legally correct,[2] and there is no dispute that the government proved each element of the crimes that it was required to prove.

### III.  CONCLUSION

For the foregoing reasons, we find that the Appellant has not shown that the government failed to prove an essential element of the crime of bank fraud.  Appellant's appeal is without merit, and the judgment of the district court is AFFIRMED.

---

[2] The standard for reviewing an instruction is whether the jury was misled in any way and whether it had an understanding of the issues and its duty to determine those issues.  <u>Sandidge v. Salen Offshore Drilling Co.</u>, 764 F.2d 252, 261 (5th Cir. 1985).  The function of the reviewing court with respect to instructions is to satisfy itself that the instructions show no tendency to confuse or mislead the jury with respect to the applicable principles of law. <u>Rohner, Gehrig & Co. v. Capital City Bank</u>, 655 F.2d 571, 580 (5th Cir. Unit B Sept. 1981) (citing 9 Charles A. Wright & Arthur R. Miller, <u>Federal Practice and Procedure:  Civil</u> § 2558 (1971)).  No harmful error is committed if the charge viewed as a whole correctly instructs the jury on the law, even though a portion is technically imperfect.  <u>Sandidge</u>, 764 F.2d at 262.