**UNITED STATES of America, Appellee,**

v.

**Davon M. HARRISON, Appellant.**

**No. 99–3010.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 29, 1999.

Decided Feb. 22, 2000.

Beverly G. Dyer, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was A. J. Kramer, Federal Public Defender. Tony W. Miles, Assistant Federal Public Defender, entered an appearance.

Florence Pan, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, U.S. Attorney, and John R. Fisher, Elizabeth Trosman and Darrell Valdez, Assistant U.S. Attorneys.

Before: WILLIAMS, SENTELLE and GARLAND, Circuit Judges.

Opinion for the court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Appellant Davon M. Harrison was convicted in a jury trial in the district court for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g). He appeals the denial of his motion for a directed verdict for insufficiency of the evidence on two necessary elements of the offense.

Harrison stipulated to the two elements, but the stipulations were not formally read to the jury. The prosecution offered no other evidence on those elements. We hold that Harrison, by stipulating, waived his right to require the government to introduce evidence on the stipulated elements. We therefore affirm the conviction.

## I. Background

At approximately 9:45 a.m. on May 25, 1998, Metropolitan Police Department Officer Raymond Adams heard gunshots coming from the direction of the 300 block of K Street, S.E. He began to canvas the area, and drove by Davon Harrison who was proceeding down the street in his wheelchair. Unsuccessful in his search, Officer Adams then returned to Harrison and asked Harrison if he had a gun. He replied in the affirmative. In his lap was a newspaper, which Adams placed on the ground and unwrapped to find a .38 Colt containing four empty shell casings and two live rounds. Harrison was charged with a violation of 18 U.S.C. § 922(g), which prohibits anyone who has been convicted of a crime punishable by a sentence exceeding one year from possessing a firearm that has been transported in interstate commerce.[1]

Before trial, the district court ordered the parties to submit a joint pretrial statement including stipulations. The parties filed a statement with the court which included stipulations of two necessary elements of a § 922(g)(1) charge: (1) that the firearm had been transported in interstate commerce and (2) that the defendant had been convicted of a prior offense punishable by a sentence of more than one year.

The exact language of the stipulations was:

## IV. Stipulations

Stipulation as to Firearm; Movement in Interstate Commerce:

The parties agree that the pistol recovered in this case was a firearm; that the firearm was shipped or moved in interstate commerce.

Stipulation as to Prior Convictions . . .

The parties agree that the defendant was previously convicted for an offense carrying a potential penalty of more than one year in case F–7372–95, in the District of Columbia.

Following the stipulations was a list of a Harrison's prior convictions.

Government counsel referred to the stipulations in his opening statement:

[I]n this case the defense counsel and I have stipulated that this gun did move through interstate commerce because handguns are not manufactured in the District of Columbia, and there is only one way that it could come in the District, by crossing state lines. We've also stipulated that Mr. Harrison has been convicted [of an offense] carrying the possible punishment of over a year in prison. So, what I have to prove to you is that Mr. Harrison possessed the gun or the ammunition.

No objections were made to the opening statement. Defense counsel's opening statement described "a case where Mr. Harrison is being charged with a gun that he did not possess, it was a gun that was not his."

As forecast, the trial focused on whether Harrison was in possession of a firearm. The two stipulations were never read to the jury, nor did the prosecution introduce any other evidence regarding the stipulated evidence. Before closing arguments, Harrison moved for a judgment of acquittal based on the entire record, which was denied. When the prosecution referred to the stipulations during closing arguments,

1. 18 U.S.C. § 922(g) provides:
   It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition. . . .

defense counsel objected. At a subsequent bench conference, defense counsel argued that the stipulations, never having been introduced, could not provide proof of the elements, although he admitted that the parties had agreed to the stipulations. He claimed he had not raised the issue earlier because he hoped to modify the language of the interstate commerce stipulation to include the fact that guns are not manufactured in the District of Columbia. The trial judge stated that the failure to raise this issue earlier could be considered a waiver, and ultimately denied defense counsel's motion for a directed verdict.

During jury instructions, the judge referred to the stipulation that the gun had traveled in interstate commerce:

> During the trial you were told that the parties had stipulated, this is had agreed to certain facts, namely that the gun had travelled in interstate commerce. Any stipulation of fact is undisputed evidence and you may consider it undisputed evidence.
>
> . . . .
>
> The parties have stipulated that the firearm which the defendant allegedly possessed has travelled or been transported in interstate commerce.

The judge did not give a similar instruction about the prior conviction stipulation, but referenced the conviction by cautioning the jury that it "is just being presented to you as an element of the crime. You are not to consider the fact that the defendant had been convicted of an offense punishable by imprisonment for a term exceeding one year in any other way.... [Y]ou're not to take any unfavorable impression of the defendant from the fact that this element of the crime is here."

The jury found Harrison guilty. Harrison appeals, asserting that as a result of the prosecution's failure to read the stipulations, there was insufficient evidence on the interstate commerce and prior conviction elements to support the verdict of guilty and that his conviction must be reversed.

## II. Discussion

### A. Issue

When reviewing the sufficiency of the evidence, we determine as a matter of law whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. Harrington,* 108 F.3d 1460, 1464 (D.C.Cir.1997). At first, it might appear that the standard of review could resolve this case: because the stipulations were never formally read to the jury, they were never in evidence (although the jury was aware of them); there was no other evidence on the stipulated elements and the jury could not have found them beyond a reasonable doubt. *See, e.g., United States v. Spinner,* 152 F.3d 950, 956 (D.C.Cir.1998). Our real inquiry, however, is whether, considering the nature and purpose of the stipulations in this case, Harrison should be able to challenge now the insufficiency of the evidence covered by those stipulations.

The government in this appeal presents two primary theories to support the validity of the verdict, in spite of its failure to formally read the stipulations to the jury or introduce other evidence. The first we can call the "deemed admitted" theory. We have held that a technical failure to introduce evidence that was presented to the trier of fact can be overlooked in some cases. *See, e.g., United States v. Barrett,* 111 F.3d 947, 951 (D.C.Cir.1997) (citing *United States v. Bizanowicz,* 745 F.2d 120, 123 (1st Cir.1984), and *United States v. Stapleton,* 494 F.2d 1269, 1270 (9th Cir. 1974)). The government asks us to apply *Barrett* on the reasoning that the jury was clearly made aware of the stipulations through the opening and closing statements and jury instructions.

The government's second theory is that any error in the trial was harmless error. Rule 52(a) of the Federal Rules of Crimi-

nal Procedure provides that "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded," and the Supreme Court has stated that "most constitutional errors can be harmless." *Arizona v. Fulminante,* 499 U.S. 279, 306, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (citations omitted). The government claims that the error here was a failure to take "the technical steps" needed to make the stipulations evidence.

We will not delve into the details of the government's arguments on these grounds. Instead, we hold that Harrison has, by stipulating, waived any right to contest the absence of proof on the stipulated elements. This waiver theory of stipulations has been addressed by a number of our sister circuits, and although the government does not directly advance it in this case, it is necessarily raised by the nature of the appeal. By failing to advance it explicitly, we could perhaps construe the government's brief as having waived the waiver theory argument, but we will reach the issue because it is squarely presented by this case and was relied upon by the trial court. *See, e.g., United States Nat'l Bank of Or. v. Independent Ins. Agents of Am., Inc.,* 508 U.S. 439, 445–49, 113 S.Ct. 2173, 124 L.Ed.2d 402 (1993) (holding that an appellate court has discretion to consider an issue not argued by the parties). As the Supreme Court stated in *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 99, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), "[w]hen an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." Moreover, we do not deem it unfair to the appellant to rely on this unargued theory. The arguments made by the government, while not squarely addressing the question in "waiver" terms, fairly noticed the application of the theory, and the authorities cited by the two parties clearly evidence an awareness of it.

## B.  Waiver

The premise of the waiver theory is simple: Upon entering into a stipulation on an element, a defendant waives his right to put the government to its proof of that element. A stipulation "constitutes '[a]n express waiver made ... preparatory to trial by the party or his attorney conceding for the purposes of trial the truth of some alleged fact ... thereafter to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it....'" *Vander Linden v. Hodges,* 193 F.3d 268, 279 (4th Cir.1999) (quoting 9 WIGMORE ON EVIDENCE § 2588, at 821 (Chadbourn rev. 1981)). Because a defendant will often stipulate to a prior conviction to keep the government from introducing prejudicial details about prior crimes, *see Old Chief v. United States,* 519 U.S. 172, 174, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997), a number of cases have discussed the effect of a stipulation to elements of a crime.

It is well settled that a defendant, by entering into a stipulation, waives his right to assert the government's duty to present evidence to the jury on the stipulated element. *See United States v. Meade,* 175 F.3d 215, 223 (1st Cir.1999); *United States v. Melina,* 101 F.3d 567, 572 (8th Cir.1996); *United States v. Mason,* 85 F.3d 471, 472 (10th Cir.1996); *United States v. Keck,* 773 F.2d 759, 769–70 (7th Cir.1985); *United States v. Houston,* 547 F.2d 104, 107 (9th Cir.1976) (per curiam); *see also Vander Linden,* 193 F.3d at 279; *Zuchowicz v. United States,* 140 F.3d 381, 392 (2d Cir.1998); *Alamo v. Del Rosario,* 98 F.2d 328, 330 (D.C.Cir.1938); 9 WIGMORE ON EVIDENCE § 2591, at 824 (Chadbourn rev.1981). The only possible point of contention is whether a defendant can contest the government's failure to read the stipulation itself to the trier of fact. We conclude that a defendant cannot.

In two cases directly on point, the Fifth and Eleventh Circuits have held that a stipulation waives the government's burden to introduce evidence on that stipulation, including a reading of the stipulation itself: *United States v. Hardin,* 139 F.3d 813, 816 (11th Cir.), *cert. denied,* ―― U.S. ――, 119 S.Ct. 225, 142 L.Ed.2d 185 (1998), and *United States v. Branch,* 46 F.3d 440, 442 (5th Cir.1995). Those cases closely resemble the case we consider today.

In *Hardin,* the defendant, like Harrison, was charged with violating § 922(g), and stipulated to a prior conviction. Despite reference to the stipulation during voir dire and arguments, the stipulation was never read to the jury. *See* 139 F.3d at 814. The court concluded that "[the defendant] waived his right to have the government produce evidence of his felon status, including the stipulation itself" and thus had "no legal or equitable basis to contest the government's mistake." *Id.* at 816–17.

The Fifth Circuit reached the same result in *Branch.* The defendant was convicted of bank fraud. He had stipulated that a number of the financial institutions involved were federally insured, a necessary element of the crime; but the stipulation was never published to the jury. The court of appeals affirmed on waiver grounds: "Once a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties. Appellant ... cannot now claim that the government failed to offer evidence on an element to which he confessed." *Branch,* 46 F.3d at 442 (citing *United States v. Harper,* 460 F.2d 705, 707 (5th Cir.1972), and *Poole v. United States,* 832 F.2d 561, 565 (11th Cir.1987)).

Two cases cited by appellant that appear at first glance to be at odds with *Hardin* and *Branch* are, upon further examination, either reconcilable or unpersuasive. First, in *United States v. James,* 987 F.2d 648 (9th Cir.1993), the Ninth Circuit reversed a conviction for the complete failure to introduce evidence on a stipulated element of the crime. The record showed that the parties had agreed to a stipulation on an aspect of the case, but the stipulation was not mentioned to the jury nor placed in the record. The court on appeal could not, therefore, have inferred that the stipulation was sufficient to satisfy the element. *See id.* at 650–51. Although the court further noted that "the stipulation was never entered into evidence or read to the jury" so that there was "no fact in evidence that the jury could take as proved," *id.* at 651, it is not clear to us exactly what distinction the court meant to draw with this statement. Under the facts of that case it did not matter because the stipulation was not available to review on appeal.

Second, in *United States v. Muse,* 83 F.3d 672 (4th Cir.1996), the court's opinion includes language that appears to require that a stipulation be read to the jury, but that language is dicta. In general, the *Muse* court spoke approvingly of stipulations. But it also said that a stipulation "waives the requirement that the government produce evidence *(other than the stipulation itself)* to establish the facts stipulated to beyond a reasonable doubt." *Id.* at 678 (emphasis added) (citing *United States v. Clark,* 993 F.2d 402, 406 (4th Cir.1993)). Arguably, the italicized phrase contemplates a formal reading to the jury of all necessary stipulations. But that issue was not before the court. The stipulation was read aloud in *Muse* (and in the case it cited for support), *see id.* at 678; the actual issue was the propriety of a jury instruction. *See id.* at 677. Therefore, while the *Muse* court accurately described normal trial practice to include the reading of stipulations, it had no occasion to consider the situation before us today. *See Hardin,* 139 F.3d at 817 (holding that references to reading stipulations in *Muse* are dicta); *see also United States v. Jackson,* 124 F.3d 607, 616–17 & n. 8 (4th Cir.1997) (questioning the validity of *Muse).*

We previously commented on the waiver theory in *United States v. Gilliam*, 167 F.3d 628 (D.C.Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 2060, 144 L.Ed.2d 225 *and* —— U.S. ——, 120 S.Ct. 118, 145 L.Ed.2d 100 (1999). In *Gilliam*, a defendant charged under § 922(g) did not concede the existence of a prior conviction. Although the prosecutor told the trial court he had a certified copy of a conviction, it was never offered into evidence. We held, not surprisingly, that the defendant did not "essentially stipulate" to the conviction through his silence. *Id.* at 639. Although there was no stipulation involved in *Gilliam*, we noted that the government could have met its burden of offering into evidence proof of every element of the charged offense by obtaining a stipulation or "a waiver by the defendant of his right to put the government to its proof. . . ." *Id.* We speculated that, in addition, the stipulation might need to be formally entered into evidence. *See id.* (quoting *James*, 987 F.2d at 651). But as the waiver issue was not presented by the facts, and where no evidence of a prior conviction had been presented to the jury, we concluded that the § 922(g) conviction must be reversed. *See id.* at 640.

Harrison asserts that the government needed to introduce the stipulations into evidence, relying, in part, on *Gilliam*. He contends that his stipulations "did not waive his right to put the prosecution to its burden of proof of every element of the crime." Thus, he argues that he may contest the failure to introduce the stipulations themselves as evidence. Harrison acknowledges that *Hardin* and *Branch* are in conflict with his claim, but he fails to present a meaningful method of distinguishing those cases.

■ The government's brief is confused on the applicability of waiver to this case, misreading *Gilliam* to suggest that our circuit would require necessary stipulations to be read despite *Gilliam*'s careful neutrality. For that reason, the government's brief does not directly advance the applicability of waiver, although it discusses the theory. Of course, agreement or stipulation by parties as to the state of the law does not bind us. *See, e.g., Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 114, 60 S.Ct. 1, 84 L.Ed. 110 (1939); *NLRB Union, Local 6 v. FLRA*, 842 F.2d 483, 485 n. 6 (D.C.Cir.1988).

■ We conclude that there is little to be gained from holding that a stipulation, which unarguably waives a defendant's right to require the government to produce any evidence regarding that stipulation, nevertheless fails to waive the defendant's right to require that stipulation to be read to the jury. Surely, the government's failure formally to read stipulations is not "wise trial practice." *Hardin*, 139 F.3d at 817. Even if a defendant cannot challenge that error, the potential for adverse consequences for the prosecution is great: the jury may become confused and acquit a defendant for lack of proof on a stipulated element, *see id.*, and a complete failure to enter the stipulations into the record at all will likely be fatal, *see James*, 987 F.2d at 650–51. Publishing stipulations to the jury or moving to reopen upon an inadvertent failure to do so is the proper course of action, one which produces a complete record. However, nothing in either law or logic compels us to reverse a conviction when the defendant enters into a stipulation on an element and then seeks a windfall from the government's failure to formally read the stipulation to the jury.

■ Therefore, we join the Fifth and Eleventh Circuits and hold that a defendant who stipulates to an element of an offense waives his right to have the government put on evidence to prove that element. Specifically, we hold that when Harrison entered into the stipulations that the interstate commerce and prior conviction elements of the § 922(g) charge were present, he waived his right to challenge the sufficiency of the evidence on those elements, even though the government failed to introduce any evidence on those

elements. This result retains a primary benefit of this type of stipulation: when the element is a prior conviction, the defendant is benefitted because potentially prejudicial facts about the prior conviction will not be admitted. *See Old Chief,* 519 U.S. at 185, 117 S.Ct. 644; *Hardin,* 139 F.3d at 817; *Muse,* 83 F.3d at 678. Furthermore, stipulations in general are helpful to both parties because they narrow the scope of the trial to the real issues in dispute. *See United States v. General Motors Corp.,* 518 F.2d 420, 447 (D.C.Cir. 1975); *Zuchowicz,* 140 F.3d at 392.

 Today's holding, in addition to not condoning the government's conduct in this case, does not prevent a defendant from including explicit language that a stipulation shall only be valid if it is read to the jury. We do not find any such requirement in the language of the stipulations in the record in this case. In this respect, we are guided by the reasoning of the Supreme Court in *New York v. Hill,* — U.S. ——, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000). In *Hill,* the defendant claimed that his agreement to a trial date outside the speedy trial period guaranteed by applicable law did not serve as a waiver of his speedy trial rights. The Court disagreed, noting this would make waiver "turn on a hypertechnical distinction that should play no part." *Id.* at 666. Instead, the Court reasoned that defense counsel's act of accepting the proposed trial date was sufficient to act as a waiver. We similarly conclude that the stipulations in the instant matter were sufficient to waive the appellant's right to require the government to introduce any evidence on the stipulated elements, including the stipulations.

### III. Conclusion

We conclude that defendant's stipulation to the interstate commerce and prior conviction elements of a § 922(g) charge waived his right to contest the govern-

ment's failure to introduce any evidence on those stipulations, including a failure to read those stipulations to the jury. The stipulations were filed with the district court, the jury was made aware of them, and the jury found all of the elements to exist. Accordingly, we affirm the judgment of the district court.[2]

---

**2.** Harrison also appeals two evidentiary rulings and further claims that the stipulations

were not final. We have examined these arguments and find them to be without merit.