IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-672-04






CLARENCE RANDOLPH BRYANT, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BOSQUE COUNTY





 Keasler, J., delivered the opinion of the Court joined by Keller, P.J., and Price,
Womack, Hervey, Holcomb, and Cochran, JJ. Meyers, J., filed a dissenting opinion. 
Johnson, J., filed a concurring opinion. Cochran, J., filed a concurring opinion in which
Holcomb, J., joined.


O P I N I O N 



 Before his trial for driving while intoxicated, Clarence Randolph Bryant stipulated to
two prior DWI convictions. The State agreed to the stipulation, but the stipulation was not
admitted into evidence. On appeal, Bryant argued that the evidence was insufficient to
convict because the State failed to offer proof of the stipulated prior convictions. We
conclude that Bryant's stipulation bars him from bringing this claim on appeal.

Procedural History


 Bryant was charged by indictment with driving while intoxicated on March 1, 2001. 
To elevate the offense to a felony, the indictment alleged seven previous DWI convictions,
dating from 1998 to 1979. In an enhancement paragraph, the indictment alleged that Bryan
was previously convicted of two additional DWIs in 1986 and 1993.

 Before trial, Bryant filed a "Defendant's Stipulation as to Jurisdictional Prior
Convictions Pursuant to Tamez v. State[ (1)]." In the document, Bryant stated that, "in order
to prevent the Defendant from being unnecessarily and improperly prejudiced by the
admission of more than the required two jurisdictional prior DWI convictions, Defendant will
stipulate to the convictions" in two separate cause numbers, the 1991 and the 1998 offenses. 
The stipulation further stated that "[t]hese stipulations are contingent upon the State being
precluded from referring to the existence of, or providing proof of, any other alleged priors
contained in the indictment at the guilt/innocence phase of trial."

 Bryant pleaded not guilty and went to trial. On the morning of trial, the following
occurred:

 The Court: Counsel, I have been presented with a stipulation.

 [Defense counsel]: Your Honor, we are discussing that right now, if we could have
a moment.


 Off the record discussion.


 [Prosecutor]: I guess we'll stipulate - well, we will agree to stipulate to the ninety-one
and ninety-eight convictions, both being in Wichita County.


 [Defense counsel]: And does the State further agree not to refer to any of the other
five?


 The Court: If you'll read the indictment down in the operative paragraph, and that the
Defendant had previously been convicted at least two times of an offense related to
the operating of a motor vehicle, to wit, and then read on October 2nd , 1991, et cetera.


 [Prosecutor]: Yes, sir.


 The Court: All right.


 [Defense counsel]: Your Honor, we would ask that the word at least two times be
stricken and that has been previously convicted of the follow - then read those two. 
That way it does not intimate - 


 The Court: All right. We'll - we'll go by what the statute says, it says has been
convicted two times of an offense.


 [Defense counsel]: Your Honor, they'll furthermore not be able [to] put on any proof
of the conviction of those two in guilt/innocence - 


 The Court: I think - 


 [Defense counsel]: - I think those have - the State - 


 The Court: - let me hear what they are saying.


 [Prosecutor]: That's - that's a false statement. He's been convicted seven times.


 [Prosecutor]: We are just not going to read anything - we're not going to say how
many times.


 The Court: Okay.


 [Defense counsel]: Right. I think that the State - 


 The Court: Has been - has been previously - had previously been convicted of
offenses relating to the operating of a motor vehicle while intoxicated, is that they
way you want to read it?


 [Defense counsel]: Yes, sir, Your Honor, then further in - they are allowed to read
that, but not - not allowed to put on proof of the convictions during the
guilt/innocence.


 The Court: Counsel, I am aware of that. I think we are ready to seat the jury.


 The court's charge instructed the jury that "[t]he defendant has stipulated before the
Court that he previously was convicted two times of the offense of driving while intoxicated
. . . and you are instructed to find that the defendant has been previously convicted of those
offenses." Neither the State nor Bryant objected to this language.

 The jury found Bryant guilty. At sentencing, Bryant pleaded true to the enhancement
allegations. The judgments of all the prior convictions were admitted. The jury sentenced
Bryant to 65 years in prison.

Court of Appeals


 Bryant appealed, arguing in a single point of error that the evidence is legally
insufficient to prove that he committed felony DWI when the jury did not receive any
evidence of the two prior jurisdictional DWI's. The Court of Appeals agreed. (2) It held that
"the prior convictions are elements of the offense of felony DWI which the State must prove
beyond a reasonable doubt" (3) and that "[t]he State can satisfy this obligation at trial either by
offering in evidence certified copies of the judgments or a stipulation." (4) Since the stipulation
was never admitted into evidence, and no other evidence of the priors was admitted, the State
failed to prove the priors beyond a reasonable doubt. The appellate court rendered judgment
of acquittal. (5) 

 In dissent, Justice Gray contended that "Bryant got what he wanted" and should not
be heard to complain about it now. (6)

 On rehearing, the State argued that Bryant's stipulation prevented him from contesting
the sufficiency of the evidence to prove the prior convictions. The appellate court denied the
State's motion for rehearing.

 We granted the State's petition for discretionary review on three grounds: (1) whether
Bryant is barred from raising this claim because of his stipulation; (2) whether the stipulation
had to be admitted into evidence to be effective; and (3) whether the State should be
permitted to re-try Bryant. Because of our resolution of the first ground, we need not reach
the others.

Analysis


 A defendant in a criminal case may stipulate to evidence against him. If the defendant
elects to do this, his stipulation is a kind of judicial admission. (7) McCormick explains that
a judicial admission is to be distinguished from an evidentiary admission:

 Judicial admissions are not evidence at all. Rather, they are formal
concessions in the pleadings in the case or stipulations by a party or counsel
that have the effect of withdrawing a fact from issue and dispensing wholly
with the need for proof of the fact. (8)


Wigmore adds that a "[a] fact that is judicially admitted needs no evidence from the party
benefitting by the admission." (9) He elaborates:

 An express waiver, made in court or prepatory to trial, by the party or his
attorney, conceding for the purposes of the trial the truth of some alleged fact,
has the effect of a confessory pleading, in that the fact is thereafter to be taken
for granted; so that the one party need offer no evidence to prove it, and the
other is not allowed to disprove it. This is what is commonly termed a solemn
- i.e., ceremonial or formal - or judicial admission, or stipulation. It is, in
truth, a substitute for evidence, in that it does away with the need for
evidence. (10)


 These concepts have been applied to cases in which the defendant stipulates to his
prior convictions - most recently, in Harrison v. United States. (11) There, the defendant was
charged with unlawful possession of a firearm. Before trial, he stipulated that the firearm
had been transported in interstate commerce and that he had a prior conviction. At trial, the
government referred to the stipulations in opening statement, but the stipulations themselves
were never read to the jury, nor was any evidence regarding them admitted. Before closing
arguments, the defendant moved for a directed verdict of acquittal, which the trial judge
denied. The defendant re-urged his argument on appeal that because the government failed
to read the stipulations, there was insufficient evidence to convict.

 The Court of Appeals for the D.C. Circuit disagreed. It explained that "[u]pon
entering into a stipulation on an element, a defendant waives his right to put the government
to its proof of that element." (12) It relied in part on the Fifth Circuit's decision in United States
v. Branch. (13) In that case, the Fifth Circuit held that "[o]nce a stipulation is entered, even in
a criminal case, the government is relieved of its burden to prove the fact which has been
stipulated by the parties." (14) As a result, the court held, the defendant could not "now claim
that the government failed to offer evidence on an element to which he confessed." (15)

 Bryant argues that, despite the Branch court's language to the contrary, these
principles do not apply in criminal cases. He relies on Sullivan v. Louisiana (16) for the
proposition that a judge may not "direct a verdict for the State, no matter how overwhelming
the evidence." (17) Of course, that case involved a jury-charge issue, not a stipulation. We find
Harrison and Branch to be more on point. The issue is not whether the State proved its case,
but whether Bryant may argue that the State failed to prove its case on an element to which
he stipulated. He may not. By stipulating, Bryant "waived any right to contest the absence
of proof on the stipulated elements." (18)

 Bryant also argues that the content of his stipulation did not prevent the State from
admitting evidence of his prior conviction, so the State should not be excused for failing to
offer such proof. Bryant explains that his written stipulation was contingent upon the State
being precluded from offering proof of "any other alleged priors," not the two prior
convictions to which he stipulated. This is true. But when the stipulation was discussed
before the judge, Bryant changed his position. At that time, he argued that the State should
not be permitted to put on proof of the two prior convictions to which he stipulated. 
Additionally, even if Bryant's written stipulation controlled, his request concerning proof of
"any other alleged priors" does not alter the fact that he stipulated to the truth of two prior
convictions. It is this stipulation which prevents him from arguing on appeal that the State
failed to prove those two convictions.

 Finally, in her concurring opinion, Judge Johnson argues that we must address the
State's second ground for review before reaching the first. She claims that we must first
decide whether a stipulation has to be admitted into evidence in order to be effective before
we can decide whether Bryant is barred from raising his claim. We disagree. In its second
ground for review, the State argues that the stipulation did not need to be admitted into
evidence in order to be "effective" - that is, in order for the evidence to be sufficient to
convict Bryant of felony DWI. And that is the claim that Bryant raised on appeal - that the
evidence is insufficient to convict him. But before reaching the merits of that claim, we must
decide the State's first ground for review - whether Bryant is barred from bringing the claim
in the first place. We conclude that he is. As a result, it is inappropriate to reach the merits
of Bryant's underlying claim, which is also presented in the State's second ground for
review. 

Conclusion


 Bryant stipulated to his prior convictions. This was a judicial admission which
removed the need for proof of those convictions. By entering into that stipulation, Bryant
waived "his right to put the government to its proof of that element." (19) He cannot complain
on appeal that the State failed to prove "an element to which he confessed." (20)

Judgment


 Because of our resolution of the State's first ground for review, we dismiss the other
grounds. We reverse the judgment of the Court of Appeals and remand this case to that court
for proceedings consistent with this opinion. 




DATE DELIVERED: April 6, 2005

PUBLISH

 


1. 11 S.W.3d 198 (Tex. Crim. App. 2000).
2. Bryant v. State, 135 S.W.3d 130 (Tex. App. - Waco 2004).
3. Id. at 134.
4. Id.
5. Id. at 136.
6. Id. at 137 (Gray, J., dissenting).
7. See, e.g., Strother v. State, 619 S.W.2d 177 (Tex. Crim. App. 1981); Shepherd v.
Ledford, 926 S.W.2d 405, 411 (Tex. App. - Fort Worth 1996), aff'd, 962 S.W.2d 28 (Tex.
1998); Vallejos v. C. E. Glass Co., 583 F.2d 507, 510 (10th Cir. 1978); Gardner v. State, 668
So. 2d 164, 165 (Ala. Crim. App. 1995); Rickert v. Rickert, 282 N.C. 373, 379 (N.C. 1972).
8. 2 John W. Strong, et al., McCormick on Evidence § 255 (5
th ed. 1999). See
also Martinez v. Bally's La., Inc., 244 F.3d 474, 476 (5th Cir. 2001); Carrasco v. State, 2005
Tex. Crim. App. LEXIS 76 * 14 n.10 (Tex. Crim. App. 2005) (Cochran, J., concurring).
9. 9 Wigmore on Evidence § 2591 (3d ed. 1940) (emphasis deleted).
10. Id. at § 2588 (emphasis deleted).
11. 204 F.3d 236 (D.C. Cir.), cert. denied, 531 U.S. 911 (2000). See also United States
v. Meade, 175 F.3d 215, 223 (1st Cir. 1999); United States v. Mason, 85 F.3d 471, 472-73
(10th Cir. 1996); United States v. Reedy, 990 F.2d 167, 169 (4th Cir. 1993), cert. denied, 510
U.S. 875 (1993).
12. Harrison, 204 F.3d at 240, citing Wigmore at § 2588.
13. 46 F.3d 440 (5
th Cir. 1995).
14. Id. at 442.
15. Id. 
16. 508 U.S. 275 (1993).
17. Id. at 277.
18. Harrison, 204 F.3d at 240.
19. See Harrison, 204 F.3d at 240.
20. See Branch, 46 F.3d at 442.