NUMBER 13-03-706-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
___________________________________________________________________

FRANKIE WELBOURN,                                                       Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
___________________________________________________________________

On appeal from the 105th District Court
of Kleberg County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Memorandum Opinion by Justice Rodriguez

         Appellant, Frankie Welbourn, was indicted for the offense of felony driving while
intoxicated (DWI) which was enhanced by two prior convictions alleging appellant was 
a habitual felony offender. See Tex. Pen. Code Ann. § 49.04 (Vernon 2003); see also
id. § 49.09 (Vernon Supp. 2004-2005). Welbourn pleaded not guilty. A jury returned
a verdict of guilty of felony DWI as alleged in the indictment. The trial court sentenced
appellant to twenty-five years in the Texas Department of Criminal
Justice–Institutional Division. The trial court has certified that this is not a plea
bargain case, and Welbourn has the right of appeal. See Tex. R. App. P. 25.2. By one
issue, Welbourn complains that the evidence was legally insufficient to support the
conviction. We affirm.
         As this is a memorandum opinion and because all issues of law presented by
this case are well settled and the parties are familiar with the facts, we will not recite
the law and the facts here except as necessary to advise the parties of the Court's
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
I. Background
         Welbourn was indicted for felony DWI enhanced by two prior convictions. 
Welbourn stipulated to two prior convictions for jurisdictional purposes.


 The State
agreed with Welbourn's stipulation, and the court approved it. The judgments from
those convictions were entered into the record for the court's use only. The
stipulation, entitled Agreement to Stipulate to Identity of the Defendant, was filed as
part of the clerk's record. The stipulation was not admitted into evidence.
         The court's charge instructed the jury that the State and defendant "have
agreed to stipulate to evidence that the Defendant has previously been convicted of
two separate and different [DWI] offenses as alleged in the indictment," and that 
"[y]ou are therefore instructed to find that the Defendant has previously been
convicted of two separate and different [DWI] offenses as alleged in the indictment."
The charge also instructed the jury not to consider such evidence in proving or tending
to prove that the defendant was driving while intoxicated on the day of the primary
offense. Neither the State nor Welbourn objected to this language.II. AnalysisOn appeal, Welbourn argues in a single point of error that the evidence is
insufficient to convict because the State failed to offer proof of the stipulated prior
jurisdictional DWIs. However, subsequent to the appeal of this case, the Texas
Criminal Court of Appeals has held that a stipulation to prior convictions is a judicial
admission which removes the need for proof of those convictions. Bryant v. State,
No. PD-672-04, 2005 Tex. Crim. App. LEXIS 517, at *12 (Tex. Crim. App. April 6,
2005). By entering into the stipulation at issue in this case, Welbourn waived "his
right to put the government to its proof of that element." Id. (quoting Harrison v.
United States, 204 F.3d 236, 240 (D.C. Cir. 2000)). He cannot complain on appeal
that the State failed to prove "an element to which he confessed." Id. at *12-*13
(quoting United States v. Branch, 46 F.3d 440, 442 (5th Cir. 1995)). We overrule
appellant's sole issue on appeal.
 
III. Conclusion
         Accordingly, the judgment of the trial court is affirmed.                                                                                         
                                                                        NELDA V. RODRIGUEZ
                                                                        Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 
filed this 9th day of June, 2005.