United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41088
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ISRAEL RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2520-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Israel Rodriguez appeals his conviction by a jury on one count of possession with intent to distribute in excess of five kilograms of cocaine and one count of importation of in excess of five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 952(a), 960(b)(1). Finding no error, we affirm.

Rodriguez first asserts that the Government failed to prove that the substance retrieved from the vehicle that he was driving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was cocaine. Rodriguez's argument is without merit because Rodriguez signed a written stipulation in which he admitted that the substance was, in fact, cocaine. Whether the Government failed to introduce the stipulation formally into evidence, which the parties dispute, is immaterial given Rodriguez's stipulation. See United States v. Branch, 46 F.3d 440, 442 (5th Cir. 1995); see also United States v. Harrison, 204 F.3d 236, 241-43 (D.C. Cir. 2000).

Rodriguez next contends that the district court abused its discretion by refusing to excuse a juror for cause because she indicated that she knew the case agent, Arturo Rocha, in high school. The juror indicated that this would not bias her in favor of the Government. We discern no abuse of discretion. See, e.g., United States v. Flores, 63 F.3d 1342, 1357-58 (5th Cir. 1995). Further, although Rodriguez contends that he was required to exhaust his peremptory challenges as a result, the refusal to grant a challenge for cause is grounds for reversal only if the jury that actually sat was not impartial; the use of a peremptory challenge to remove a juror who should have been excused for cause does not impair the defendant's exercise of peremptory challenges. See United States v. Wharton, 320 F.3d 526, 535-36 (5th Cir. 2003). Rodriguez does not contend that the jury that actually sat was biased. Moreover, as the Government points out, Rodriguez did not exhaust his peremptory challenges. In sum, Rodriguez has identified no reversible error.

Finally, Rodriguez argues that the district court should have excluded evidence that Rodriguez had entered the United States from Mexico on two prior occasions pursuant to FED. R. EVID. 404(b). We review the admission of Rule 404(b) evidence for abuse of discretion. United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995).

The district court did not abuse its discretion. The fact that Rodriguez had crossed the border at the same location twice before, once in a similar vehicle with a separate registration showing a Dallas, Texas, address, and once on foot, contradicted Rodriguez's statements to officers that he lived and worked in Chicago. Thus, the evidence was relevant to the issue of guilty knowledge. See United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998) (inconsistent stories and implausible explanations are circumstantial evidence of guilty knowledge). Given that there was no evidence that the prior acts involved wrongdoing or criminal activity, any prejudicial effect was minimal. Any prejudice there may have been was further minimized by the district court's limiting instruction. See United States v. Gordon, 780 F.2d 1165, 1174 (5th Cir. 1986).

For the foregoing reasons, the judgment of the district court is AFFIRMED.