COURT OF APPEALS













COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

ARTHUR WILLIAMS,                                         )

                                                                              )              
No.  08-03-00083-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
243rd District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20010D04553)

                                                                              )

 

 

OPINION  ON 
REMAND

 








On September 5,
2001, Appellant Arthur Williams was placed under arrest for driving while
intoxicated.  Appellant was subsequently
indicted for the offense of felony driving while intoxicated (ADWI@).  At trial, Appellant stipulated to the
requisite two prior DWI offenses and a jury found him guilty of the offense as
alleged in the indictment.  The trial
court sentenced him to 10 years in the Texas Department of Criminal Justice and
a $1,000 fine, probated.  Appellant
timely filed his appeal.  This Court
reversed and rendered an acquittal on Appellant=s
conviction holding that the evidence of his prior convictions was legally
insufficient.  See Williams v. State,
No. 08‑03‑00083‑CR, 2005 WL 351305, *4 (Tex.App.‑-El
Paso Feb. 10, 2005, pet. granted)(not designated for publication).

The Court of
Criminal Appeals granted the State=s
petition for discretionary review and in an unpublished per curiam opinion,
vacated our decision and remanded for consideration in light of its opinion in Bryant
v. State, 187 S.W.3d 397 (Tex.Crim.App. 2005).  See Williams v. State, No. PD‑451‑05,
2005 WL 2218878 (Tex.Crim.App. Sept. 14, 2005)(not designated for
publication).  The case is now before us
on remand.  

In three issues,
Appellant claims:  (1) the trial court
erred in allowing the State to read the entire indictment to the jury including
the two prior DWI=s used
for enhancement purposes; (2) the evidence was legally insufficient to support
his conviction; and (3) the trial court erred in denying Appellant=s motion for a mistrial.  We affirm.

In Issue One,
Appellant argues that he was denied the right to a fair trial when the State
was allowed to read the entire indictment to the jury including his two prior
DWI convictions despite having stipulated to the trial court=s jurisdiction outside of the presence
of the jury.  We disagree.








When prior
convictions are used to elevate a misdemeanor DWI offense to a felony, the
prior convictions must be alleged in the indictment in order for the trial
court to gain jurisdiction. Hollen v. State, 117 S.W.3d 798, 800-01
(Tex.Crim.App. 2003); Tamez v. State, 11 S.W.3d 198, 201 (Tex.Crim.App.
2000).  Although not jurisdictional, the
State may read the indictment, including the allegations related to the prior
DWI convictions, in arraigning the defendant in the presence of the jury.  Tex.Code
Crim.Proc.Ann. art. 36.01 (Vernon
Supp. 2006); Martin v. State, ‑‑‑ S.W.3d ‑‑‑‑,
2006 WL 1750891, *3 (Tex.Crim.App. 2006); Tamez, 11 S.W.3d at 201‑02.  Therefore, the trial court did not err in
overruling Appellant=s
objection to the State reading the indictment including the two prior DWI
convictions.  Issue One is overruled.

In Issue Two,
Appellant argues his conviction cannot be sustained because the State failed to
introduce Appellant=s
stipulation into evidence.  In Bryant,
the Court of Criminal Appeals addressed this issue and held that entry of a
stipulation waives the right to contest the absence of proof on the stipulated
elements.  Bryant v. State, 187
S.W.3d 397, 401 (Tex.Crim.App. 2005). 
The Court concluded that a stipulation was Aa
judicial admission which removed the need for proof of those convictions.  By entering into that stipulation,
[defendant] waived >his
right to put the government to its proof of that element.=@  Id.
at 402, citing United States
v. Harrison, 204 F.3d 236, 240 (D.C. Cir.
2000).  Accordingly, Appellant has no
right to contest the sufficiency of the evidence on the stipulated element in
this case.  See Bryant, 187 S.W.3d
at 402.  Issue Two is overruled.

In Issue Three,
Appellant argues the trial court erred in denying his motion for a mistrial
based on alleged improper closing arguments made by the State.  Appellant concedes that his trial counsel
failed to make a timely objection. 
Appellant insists, however, that the argument was so prejudicial that an
instruction to disregard would not have been sufficient to remove the
harm.  Further, Appellant argues this was
fundamental error so egregious that he was denied a fair and impartial trial,
and thus, no objection was needed to preserve the issue for appeal.








 Generally, in order to preserve a complaint
for appellate review, a party must have presented to the trial court a timely
request, objection, or motion, stating the specific grounds for the ruling he
desired the court to make if the specific grounds were not apparent from the
context.  Tex.R.App.P. 33.1.  In
order for Appellant to complain on appeal about erroneous jury argument, he
must show that he objected at trial and pursued his objection to an adverse
ruling.   Cockrell v. State, 933 S.W.2d 73, 89
(Tex.Crim.App. 1996).  Pursuing an
objection to an adverse ruling ordinarily requires a party to first object to
the argument, request an instruction to disregard, and then move for a
mistrial.  Cockrell, 933 S.W.2d at
89; Calderon v. State, 950 S.W.2d 121, 138 (Tex.App.‑-El Paso
1997, no pet.).  Even if the State=s argument was so prejudicial that an
instruction to disregard would not have cured the error, as Appellant suggests,
he would still be required to make a timely objection and move for a
mistrial.  Mathis v. State, 67
S.W.3d 918, 927 (Tex.Crim.App. 2002).

Appellant points
to statements made by the prosecutor during closing as evidence of  impermissible comments to the jury about
punishment and prejudicial remarks about being charged with felony DWI.  Counsel for Appellant did not object to any
alleged error but instead made his closing argument.  The jury then retired to deliberate.  It was not until after the trial court
received a message from the jury and informed the parties that the jury had
reached a unanimous verdict that Appellant=s
trial counsel moved for a mistrial based on the State=s
closing argument.  The trial court denied
Appellant=s motion
and received the jury=s
verdict of guilty.  In this case,
Appellant=s trial
counsel did not make a contemporaneous objection, request an instruction for
the jury to disregard the objectionable portions of the State=s argument, or timely move for a
mistrial.  Therefore, Appellant has
failed to preserve this issue for our review. 
See Tex.R.App.P.
33.1; Cockrell, 933 S.W.2d at 89; Calderon, 950 S.W.2d at
139.  Further, improper jury argument is
one of those rights that is forfeited by a failure to insist upon it and is not
fundamental error that may be raised for the first time on appeal.  See Cockrell, 933 S.W.2d at 89; see
also Calderon, 950 S.W.2d at 137. 
Issue Three is overruled. 

 








We affirm the
trial court=s
judgment.

 

 

 

October
19, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before McClure, J., Chew, J., and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.)(Sitting by Assignment)

 

(Do Not Publish)