940 So.2d 609 (2006)
Calvin BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2392.
District Court of Appeal of Florida, Fourth District.
November 1, 2006.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
*610 Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
We affirm the final judgment adjudicating the appellant, Calvin Brown, a sexually violent predator and committing him to the custody of the Department of Children and Families pursuant to chapter 394, part V, Florida Statutes. Brown claims that his motion for directed verdict should have been granted because the state failed to offer evidence that he had ever been convicted of a "sexually violent offense," an element of proof under the statute. However, Brown failed to renew his motion at the close of all of the evidence, a requirement to preserve the issue on appeal.
In a civil commitment proceeding filed under the Jimmy Ryce Act, the Florida Rules of Civil Procedure generally apply. See § 394.9155(1), Fla. Stat. (2005) ("The Florida Rules of Civil Procedure apply unless otherwise specified in this part."). Florida Rule of Civil Procedure 1.480 outlines the procedures governing a motion for directed verdict. Rule 1.480(b) provides, in pertinent part:

When a motion for a directed verdict made at the close of all of the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the return of a verdict, a party who has timely moved for a directed verdict may serve a motion to set aside the verdict and any judgment entered thereon and to enter judgment in accordance with the motion for a directed verdict.
(Emphasis added).
Because the rule treats the denial of a motion for directed verdict at the close of the evidence as a reservation of ruling, in order to preserve the point for appellate review it is necessary to make an appropriate post-trial motion. See Indus. Affiliates, Ltd. v. Testa, 770 So.2d 202, 204 (Fla. 3d DCA 2000); see also Williams v. Sch. Bd. of Palm Beach County, 770 So.2d 706, 707 (Fla. 4th DCA 2000) (holding that the trial court erred in granting the School Board's post-trial motion for directed verdict because "[a]lthough the School Board timely moved for a directed verdict during trial, it did not serve its motion for directed verdict until the eleventh day after the verdict").
In this case, Brown moved for a directed verdict at the close of the state's case-in-chief, but Brown did not renew the motion for directed verdict at the close of all the evidence. Further, Brown did not make any post-trial motion for judgment in accordance with the motion for directed verdict. Accordingly, this issue has not been preserved for appellate review.
Even if the issue had been preserved, Brown joined in a pre-trial stipulation as to his prior convictions and their validity. Despite some equivocal language from the prosecutor during a motion in limine hearing, it is apparent that the state accepted Brown's stipulation in which he admitted his prior convictions. Moreover, during opening statements, both the state and the defense mentioned to the jury that Brown had been convicted of offenses that qualify as sexually violent offenses under the Jimmy Ryce Act. Thus, it is clear that during trial the state relied upon the pre-trial stipulation. In United States v. Harrison, 204 F.3d 236, 243 (D.C.Cir.2000), the court held that a defendant's stipulation waives his or her right to contest the government's failure to introduce any evidence on those stipulations, including a failure to read those stipulations to the *611 jury. See also United States v. Hardin, 139 F.3d 813, 816 (11th Cir.1998); United States v. Branch, 46 F.3d 440, 442 (5th Cir.1995). The Harrison court explained: "The stipulations were filed with the district court, the jury was made aware of them, and the jury found all of the elements to exist." 204 F.3d at 243. Similarly, at bar, the pre-trial stipulation was filed with the trial court, the jury was made aware of Brown's convictions, and the jury found Brown to be a sexually violent predator within the purview of the Jimmy Ryce Act.
Affirmed.
STEVENSON, C.J., and TAYLOR, J., concur.