

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00343-CR

ERNEST BROWN,

                                                            Appellant

 v.

THE STATE OF TEXAS,

                                                            Appellee

From the 19th District Court
McLennan County, Texas
Trial Court No. 2016-1506-C1

## MEMORANDUM OPINION

In two issues, appellant, Ernest Brown, challenges his conviction for felony driving

while intoxicated.  *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2017).  Specifically,

Brown contends that the trial court erred by:  (1) instructing the jury to find him guilty

on an element of the offense; and (2) allowing the mention and admission of proof of his

two prior convictions for DWI.  Because we overrule both of Brown's issues, we affirm the judgment of the trial court.[1]

## I.    JURY INSTRUCTIONS

In his first issue, Brown argues that the trial court erred by instructing the jury to find the jurisdictional element—his two prior convictions for DWI—"established." Brown asserts that this instruction was tantamount to a directed verdict on an element of the offense that constitutes structural error and a denial of his right to a unanimous verdict.  We disagree.

### A.    Standard of Review

In reviewing a jury-charge issue, an appellate court's first duty is to determine whether error exists in the jury charge.  *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996).  If error is found, the appellate court must analyze that error for harm. *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003).  If an error was properly preserved by objection, as was the case here, reversal will be necessary if there is some harm to the accused from the error.  *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  To obtain a reversal for jury-charge error, Brown must have suffered actual harm and not just merely theoretical harm.  *Sanchez v. State*, 376 S.W.3d 767, 775 (Tex. Crim. App. 2012); *Arline v. State*, 721 S.W.2d 348, 352 (Tex. Crim. App. 1986).

### B.    Discussion

---

[1] In light of our disposition, we dismiss all pending motions as moot.

In analyzing this issue, we must look at the language contained in the jury charge. The relevant portion of the jury charge provides as follows:

ELEMENTS

1. On or about the 8th day of August, 2016;

2. In McLennan County, Texas;

3. The Defendant, ERNEST BROWN;

4. Did then and there operate a motor vehicle in a public place;

5. While the said Defendant was intoxicated; and

6. The Defendant was convicted prior to the commission of the alleged offense, on February 16, 2016, in Cause No. 20060295CR1 in the County Court at Law No. 1 of McLennan County, Texas, of an offense relating to the operation of a motor vehicle while intoxicated; and on June 4, 2012, in Cause No. 12-06-19459-CR in the 82nd District Court of Robertson County, Texas, the Defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated.

STIPULATION

The Defendant has stipulated to the prior convictions set out in element number Six (6). Thus[,] the jury is directed to find that Element number Six (6) of Driving While Intoxicated (Enhanced) is established.

You are further instructed that these prior convictions may not be used for any other purpose in determining the Guilt or Innocence of the defendant on this charge. They may not be used to suggest that, because the Defendant committed Intoxication offenses in the past, he is more likely to have committed the presently charged Intoxication offense.

On appeal, Brown complains specifically about the "STIPULATION" section and the language directing the jury to determine that element six is "established."

A jury charge must distinctly set forth the law applicable to the case and set out all of the essential elements of the offense. This requirement includes jurisdictional elements. Thus, the jury charge must inform the jury of the existence of the two prior DWI convictions that the defendant has stipulated to and that the State relies upon for conviction of a felony DWI offense.

*Martin v. State*, 200 S.W.3d 635, 639 (Tex. Crim. App. 2006). The *Martin* Court also provided the following summary of the status of the law when a defendant offers to stipulate to the two jurisdictional prior DWI convictions in the felony DWI trial:

1) The State must plead two jurisdictional prior DWI convictions in a felony DWI indictment; it is the indictment that confers jurisdiction in the district court;

2) The State may (but it is not required to) read the entire indictment, including the two jurisdictional allegations (but only those two), in arraigning the defendant in the presence of the jury;

3) Both the State and the defense may voir dire the jury concerning the range of punishment for both a felony and misdemeanor DWI;

4) Nothing in the law *requires* that the jury be informed of the particulars of the prior convictions in reading the indictment, voir dire, opening or closing arguments or in the jury charge itself;

5) A defendant's stipulation to the two prior DWIs, being in the nature of a judicial admission, has the legal effect of removing the jurisdictional element from contention; a defendant may not offer evidence or argument in opposition to his stipulation;

6) During the trial, the jury may be informed of the stipulation and any written stipulation may be offered into evidence before the jury, but the evidence is sufficient to support a defendant's conviction even if the stipulation is not given or read to the jury;

7) In a bench trial, the guilt and punishment stages are not bifurcated, so the State is not required to offer the stipulation during the initial portion of the hearing, even if the proceeding is improperly bifurcated.

To that list, we now add:

8) The jury charge must include some reference to the jurisdictional element of two prior DWI convictions in a felony DWI trial;

9) The jury charge must include some reference to the defendant's stipulation and its legal effect of establishing the jurisdictional element.

10) Any error in failing to include, in the jury charge, some reference to the jurisdictional element and the stipulation is analyzed under *Almanza*.

*Id.* at 640-41 (emphasis in original) (citations omitted).

Based on our review of the charge and the *Martin* decision from the Court of Criminal Appeals, we cannot conclude that the complained-of instruction is erroneous. *See id.* at 639-41 ("The trial court can instruct the jury about the stipulated prior convictions in any of several different ways. One way is to include the specific indictment allegations of the two prior DWI convictions in the application paragraph with a separate paragraph stating that the defendant has stipulated to the existence of those two prior convictions, thus that jurisdictional element has been established."). The application section of the charge appropriately referenced Brown's stipulation to his two prior convictions for DWI and the legal effect of "establishing the jurisdictional element." *See id.* at 639-41.

Furthermore, because Brown's stipulation amounted to a judicial admission, it removed the need for proof of his prior convictions for driving while intoxicated and

eliminated the issue for jury consideration; thus, we disagree that this instruction amounted to an impermissible directed verdict on an element of the charged offense. *See id.* at 640-41; *see also Bryant v. State*, 187 S.W.3d 397, 402 (Tex. Crim. App. 2005) ("Bryant stipulated to his prior convictions. This was a judicial admission which removed the need for proof of those convictions. By entering into that stipulation, Bryant waived 'his right to put the government to its proof of that element.'" (quoting *United States v. Harrison*, 204 F.3d 236, 240 (D.C. Cir. 2000))).

And to the extent that Brown argues against *Martin*, we note that this Court, as an intermediate appellate court in the State of Texas, is bound to follow decisions issued by the Court of Criminal Appeals. *See State v. Nelson*, 530 S.W.3d 186, 189-90 (Tex. App.—Waco 2016, no pet.); *see also* TEX. CONST. art. V, § 5(a); *Wiley v. State*, 112 S.W.3d 173, 175 (Tex. Crim. App. 2003) ("But it is not within the scope of the Court of Appeals' powers to override a decision of the Court of Criminal Appeals because it conflicts with other decisions of that Court. It is axiomatic that a Court of Appeals has no power to 'overrule or circumvent [the] decisions, or disobey [the] mandates,' of the Court of Criminal Appeals." (quoting *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971), *cert. denied*, 404 U.S. 910, 92 S. Ct. 226, 30 L. Ed. 2d 182 (1971))); *Purchase v. State*, 84 S.W.3d 696, 701 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (noting that an intermediate court of appeals is bound to follow the precedent of the Court of Criminal Appeals). And to our knowledge, the *Martin* decision is still good law in Texas.

Because we cannot conclude that the complained-of jury instruction is erroneous, we need not address harm associated with the purported jury-charge error. *See Middleton*, 125 S.W.3d at 453-54; *see also Hutch*, 922 S.W.2d at 170. We therefore overrule Brown's first issue.

## II. EVIDENCE OF BROWN'S TWO PRIOR CONVICTIONS FOR DWI

In his second issue, Brown contends that the trial court erred by allowing the mention and admission of proof of his two prior convictions for DWI. Because he stipulated to these convictions, Brown alleges that any additional mention of the prior convictions amounted to inadmissible propensity evidence.

As noted earlier, the Court of Criminal Appeals, in *Martin*, stated that "the jury may be informed of the stipulation and any written stipulation may be offered into evidence before the jury . . . ." 200 S.W.3d at 640; *see Hollen v. State*, 117 S.W.3d 798, 802 (Tex. Crim. App. 2003) ("Thus, this Court's cases already suggest that the jury should be informed of the stipulation, as the two prior convictions are elements of the offense that must be proved to the factfinder—in this case the jury—to establish the offense of felony DWI. . . . From this discussion, we conclude that it was not error to inform the jury of the stipulation. And because the stipulation is a form of evidence, the trial court did not err in 'admitting' the stipulation."). Therefore, in light of *Martin* and *Hollen*, we cannot conclude that the trial court abused its discretion by allowing the jury to be informed of the stipulation or by "admitting" evidence of the stipulation. *See Martin*, 200 S.W.3d at

640; *Hollen*, 117 S.W.3d at 802; *see also McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005) ("In determining whether a trial court erred in admitting evidence, the standard of review is abuse of discretion. A trial court abuses its discretion when its decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree." (internal footnotes omitted)).

Moreover, we note that the jury charge included an instruction in the stipulation section that specifically noted the following:

> You are further instructed that these prior convictions may not be used for any other purpose in determining the Guilt or Innocence of the defendant on this charge. They may not be used to suggest that, because the Defendant committed Intoxication offenses in the past, he is more likely to have committed the presently charged Intoxication offense.

Nothing in the record suggests that the jury disregarded or was confused by this instruction or that the jury improperly considered Brown's prior DWI convictions as propensity evidence.[2] *See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003) ("We presume the jury follows the trial court's instructions." (citing *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998))); *see also Williams v. State*, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) ("[W]e assume that the jury would follow the instruction as given,

---

[2] This conclusion is supported by overwhelming evidence of guilt, which included testimony from the arresting officer, McLennan County Sheriff's Department Deputy Jeremy Bost, that Brown smelled of alcohol at the time of the stop. Brown also had red, glassy, and bloodshot eyes and performed poorly on the standardized field-sobriety tests. Deputy Bost also found a half-full can of cold beer upright on the back floorboard of the vehicle, and Brown was unable to clearly state where he was going at the time of the stop. Brown claimed to be heading to the hospital to visit a family member, but he did not know the name of the hospital or where it was located. Additionally, Brown blew a .111 and a .107 on the breath test administered at the jail.

and we will not reverse in the absence of evidence that the jury was actually confused by the charge."). Therefore, based on the foregoing, we reject Brown's argument in this issue. Accordingly, we overrule Brown's second issue.

### III. CONCLUSION

Having overruled both of Brown's issues, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
(Chief Justice Gray dissenting)
Affirmed
Opinion delivered and filed October 10, 2018
Do not publish
[CR25]

