COMMONWEALTH vs. LUIS ORTIZ.

Norfolk. May 9, 2013. - September 27, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Controlled Substances. Practice, Criminal,* Stipulation, Presumptions and burden of proof. *Rules of Criminal Procedure.*

At the trial of a criminal complaint charging, inter alia, distribution of a controlled substance, the handling of defense counsel's oral stipulation that the substance at issue was cocaine, even if error, did not create a substantial risk of a miscarriage of justice, where the defendant did not dispute the existence of the stipulation (to which defense counsel had agreed prior to trial), where there was no objection at trial to the fact that the stipulation was first introduced to the jury during the course of the judge's final instructions, and where the judge also informed the jury repeatedly that the Commonwealth had the burden of proving all the elements of the offenses charged [480-484]; further, there was no merit to the defendant's argument that Mass. R. Crim. P. 11 (a) (2) (A) required that such a stipulation be either memorialized in a writing signed by the defendant or the subject of a specific colloquy between the judge and the defendant [485-487].
This court concluded that, in future criminal cases, it will be incumbent on the Commonwealth to ensure that any stipulation concerning the existence of an element of the crime charged or of any material fact related to the proof of the crime is presented in some manner to the jury as part of the evidence of the case. [484-485]
The evidence at the trial of a criminal complaint charging, inter alia, distribution of a controlled substance was sufficient to permit a finding by the jury that the defendant had knowingly or intentionally distributed cocaine on the date in question. [487-488]

COMPLAINT received and sworn to in the Quincy Division of the District Court Department on July 7, 2010.

The case was tried before *Mark S. Coven,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Robert L. Sheketoff* for the defendant.

*Pamela Alford,* Assistant District Attorney, for the Commonwealth.

BOTSFORD, J. The defendant appeals from his convictions of

distribution of a class B controlled substance, G. L. c. 94C, § 32A (c), and committing a drug offense within a school zone, G. L. c. 94C, § 32J. The trial took place before a jury in 2011, more than two years after the United States Supreme Court decided *Melendez-Diaz* v. *Massachusetts*, 557 U.S. 305 (2009). Before trial, the defendant's trial counsel orally stipulated that the substance at issue was cocaine and both the Commonwealth and defendant effectively treated this as an established fact during trial, but the jury only became aware of the stipulation itself when the judge spoke of it during his final charge to the jury. The defendant appeals from his convictions, arguing, among other claims, that because the stipulation never was presented to the jury, the Commonwealth failed to prove that the substance was cocaine and his motion for a required finding of not guilty should have been allowed.[1] In a related vein, the defendant contends that any stipulation to an element of the crime charged must be recorded in a writing and signed by the defendant or at least the subject of a colloquy between the defendant and the trial judge, and the use of his trial counsel's oral stipulation without any writing signed by the defendant, or any judicial colloquy, constituted error requiring a new trial.

To date, we have not established any particular method for the parties in a criminal case to handle trial stipulations about the existence of an element of a crime or of a material fact more generally. Even if there were error in the manner the stipulation was handled in the present case, where the defendant does not dispute the existence of a stipulation that the substance at issue was cocaine, and where there was no objection at trial to the fact that this stipulation was first introduced to the jury during the course of the judge's final instructions, we conclude that no substantial risk of a miscarriage of justice resulted. In future cases, however, it will be incumbent on the Commonwealth to ensure that any stipulation concerning the existence of an element of the crime charged or of any material fact related to proof of the crime is presented in some manner to the jury as part of the evidence of the case.

---

[1]The defendant argues also that the evidence was insufficient to warrant a finding that he distributed the cocaine at issue. We consider, and reject, this claim at the end of this opinion. See part 3, *infra*.

We also reject the defendant's claim that under current rules of practice, a stipulation between the Commonwealth and the defendant as to an element of a crime, no matter when the stipulation is agreed to, must be in writing and signed by him or the subject of a colloquy between the defendant and the trial judge. But in light of Mass. R. Crim. P. 11 (a) (2) (A), as appearing in 442 Mass. 1509 (2004), directing that any stipulation to the existence of a material fact contained in a pretrial conference report be signed by the defendant himself, we shall ask this court's standing committee on the rules of criminal procedure to consider whether it would be appropriate to adopt by rule a requirement similar to rule 11 (a) (2) (A) that would apply to stipulations first entered into at or immediately before trial.[2]

*Background.* A complaint issued from the Quincy Division of the District Court Department on July 7, 2010, charging the defendant with the class B drug distribution and school zone charges of which he was convicted.[3] The defendant moved to suppress evidence, and the motion was allowed in part and denied in part. A jury trial commenced in the District Court on September 22, 2011, but resulted in a mistrial after a witness referred to evidence that had been suppressed. A second jury trial took place on December 15, 2011, with a different judge of the District Court presiding, and the jury returned guilty verdicts on both charges. The defendant was sentenced to one year in a house of correction on the distribution charge, and two years on and after on the school zone charge. The defendant timely appealed, and we granted his application for direct appellate review.

We recite the facts in the light most favorable to the Commonwealth, given the defendant's challenge to the sufficiency of the evidence. See *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979). On June 29, 2010, Detective Erin Metcalf of the Weymouth police department was conducting undercover

[2]In his appeal the defendant raises a separate challenge to the sufficiency of the evidence supporting his conviction of the school zone offense, G. L. c. 94C, § 32J. The Commonwealth concedes that the evidence introduced in support of this charge was insufficient, and that the conviction must be vacated and the charge dismissed. We agree and do not discuss the school zone offense further.

[3]The same criminal complaint also charged the defendant with two additional offenses that were dismissed before trial on the Commonwealth's motion.

surveillance on Washburn Street when she observed a green sport utility vehicle (SUV) operated by a Hispanic male arrive in front of the residence of Karen McDonald at 24 Washburn Street. McDonald came out of her house and approached the passenger side of the green SUV, reached her right hand inside the passenger window, and then retracted her hand, concealing in it what appeared to be some kind of object.

Metcalf conducted undercover surveillance of McDonald's residence a week later, on July 6, 2010. At approximately 11 A.M., the same SUV that she had observed the previous week, operated by the same Hispanic male, arrived in front of the house. McDonald again approached the passenger side of the vehicle, extended her right hand into the window, and retracted it.

After the SUV drove off, Metcalf immediately approached McDonald and noticed that McDonald had a tissue paper in her hand; McDonald tried to put the tissue paper into her pocket. Metcalf identified herself as a police officer and ordered McDonald to "hand" her the tissue paper. McDonald did so, and Metcalf observed that it contained six small bags of white powder that she identified at trial as cocaine.[4]

Metcalf reported what she had found over the police radio, and asked other officers to locate the green SUV and detain the driver. Two officers stopped the SUV around the corner from McDonald's residence. A third officer placed the driver (the defendant) under arrest. During a search of the defendant incident to the arrest, an officer seized from him two stacks of currency totaling $150, and an additional dollar bill containing a white powder residue.

When Metcalf arrived at the scene, she asked the defendant if he had any additional drugs on him, to which he replied, "I don't do drugs. I don't sell drugs." She further inquired "if [the defendant] [had] met a female at the corner house," to which he responded, "I don't know what you're talking about"; finally,

---

[4]The prosecutor asked Detective Erin Metcalf on redirect examination whether, by her observation, Karen McDonald "ha[d] a white napkin in her hand" prior to approaching the vehicle, to which Metcalf responded, "Not that I could see," and explained that she first observed the tissue paper containing the six bags in McDonald's hand after McDonald reached into the green sport utility vehicle (SUV) operated by the defendant.

she inquired whether the defendant had "stopped at number [twenty-four]," which prompted the defendant to state that he had stopped in front of that house after a woman "wav[ed] him down," and that he was en route to visit a friend named Jennifer somewhere in Weymouth. The defendant denied having been on Washburn Street prior to that date, July 6.[5]

*Discussion.* 1. *Stipulation that the substance was cocaine.* The defendant claims that his motion for a required finding of not guilty should have been allowed because the Commonwealth did not introduce at trial any evidence that the substance at issue was a class B substance (cocaine). He argues that insofar as the Commonwealth must prove his guilt of a charged offense based on the evidence presented at trial, any stipulation to the existence of an essential element of such an offense must be presented to the jury during the Commonwealth's case or, in any event, before the close of the evidence. Given that the Commonwealth never introduced the stipulation or its contents during the evidence phase of this case, he contends, a finding of not guilty was required. The Commonwealth responds that under applicable evidentiary rules and principles, it was not required to introduce evidence of the stipulation or its contents during its case, and that, if we view the matter in the light most favorable to the Commonwealth, a rational trier of fact could fairly have concluded, based on the stipulation explained by the judge and the trial evidence, that all the elements of the crime of distribution of a controlled substance had been proved beyond a reasonable doubt.

Before considering the defendant's claim, we summarize the factual context in which it is presented.

a. *Facts.* At the beginning of the defendant's second trial, the trial judge inquired of the prosecutor and the defendant's counsel whether they had agreed to stipulate that the substance was cocaine; both counsel agreed that they had.[6] During trial, both

---

[5]The defendant has not raised in this court any issue concerning Miranda warnings or voluntariness in connection with his responses to Metcalf.

[6]There was a reason for the trial judge's inquiry. On the earlier scheduled trial date, September 22, 2011, the Commonwealth requested a continuance because "[t]he lab technicians are not available today, so we'd just request a further date where we can get the lab notes and get the lab technicians in here,

the prosecutor and defense counsel referred to the substance in the six small bags taken from McDonald as cocaine, but no mention of the stipulation itself was made by the prosecutor, the defendant's counsel, or the judge during the Commonwealth's case, and no certificate of drug analysis identifying the substance in the six bags as cocaine was introduced in evidence. At the close of the Commonwealth's case, the defendant orally moved for a required finding of not guilty but did not specifically mention the stipulation or more generally the absence of evidence concerning the identity of the alleged controlled substance as cocaine. The judge denied the motion. The defendant did not call any witnesses. After the formal close of the evidence, the judge indicated to both counsel during a charge conference that he planned to mention the agreed-upon stipulation as part of his final instructions to the jury. The defendant's counsel registered no objection.

In his final charge, the judge explained to the jury that to prove the defendant guilty of distribution of a controlled class B substance, the Commonwealth had to prove "three things" beyond a reasonable doubt: (1) the identity of the substance in question as a controlled substance, cocaine; (2) distribution by the defendant; and (3) that the defendant distributed the controlled substance knowingly or intentionally. With respect to the first element, the judge stated: "First, [the Commonwealth must prove] that the substance in question is a Class B controlled substance, namely, cocaine. *And that has been agreed to by both parties, so you don't have to worry about that element*" (emphasis added). The defendant's counsel did not object to this instruction.

b. *Analysis*. There is no question that in a criminal case, the Commonwealth carries the burden to prove beyond a reasonable doubt each element of any crime charged, and in a jury trial, it is the jury that must determine whether the Commonwealth has

and do this properly on that date." The defendant's counsel responded that although he did not object to a continuance, he had "agreed to stipulate to the admission of the analysis which, you know, do it the old way. I really don't need the lab people or these notes, etc. I mean, if the Court could work us in today, I'd enter into the stipulation. If it's too busy, then you know, just pick another day." The judge could "work [the trial] in" that day, so the trial began; however, as previously mentioned, it ended in a mistrial.

met this burden. See, e.g., *United States* v. *Gaudin*, 515 U.S. 506, 509-511, 514-515 (1995); *Sullivan* v. *Louisiana*, 508 U.S. 275, 277-278 (1993); *In re Winship*, 397 U.S. 358, 364 (1970). See also *Commonwealth* v. *Gouse*, 461 Mass. 787, 803 (2012) ("Due process requires that the prosecution prove beyond a reasonable doubt each element of the crime with which the defendant is charged"); *Commonwealth* v. *Redmond*, 53 Mass. App. Ct. 1, 6-7 (2001) (same).

It does not appear that this court has ever been called on to consider squarely whether a defendant's stipulation to an element of a crime removes the Commonwealth's burden to prove that element at trial. We have, however, stated the negative of this proposition: that without a stipulation concerning the existence of an element, the Commonwealth's burden of proof remains fully intact. See *Commonwealth* v. *Muniz*, 456 Mass. 166, 173 n.7 (2010) ("absent a stipulation, the fact that the substance was cocaine was an essential element of the crime that the Commonwealth must prove beyond a reasonable doubt"). See also *Commonwealth* v. *Charles*, 456 Mass. 378, 383 (2010) (erroneous admission in evidence of certificates of drug analysis without testimony of analyst was not harmless beyond reasonable doubt where, inter alia, defendant "did not . . . stipulate to the composition of the substances"). Agreeing with courts in other jurisdictions, we now conclude that where the defendant has entered a stipulation with the Commonwealth as to the existence of an element of the crime being tried, the Commonwealth at least is relieved of the burden of introducing evidence other than the stipulation itself to prove that element.[7] See *United States* v. *Muse*, 83 F.3d 672, 678 (4th Cir.), cert. denied, 519 U.S. 904 (1996) (by agreeing to factual stipulation concerning element of crime, "a defendant waives the requirement that the government produce evidence [other than the stipulation itself] to establish the facts stipulated to beyond a reasonable doubt"). See also *United States* v. *Pratt*, 496 F.3d 124, 127-129 (1st Cir. 2007), vacated and remanded, 555 U.S. 1132 (2009), judgment aff'd on remand, 568 F.3d 11, 15, 17-18

---

[7]Cf. *Commonwealth* v. *Triplett*, 398 Mass. 561, 570 (1986) ("If controvertible facts are agreed to by stipulation, those facts no longer are at issue and must be accepted by the fact finder").

Commonwealth *v.* Ortiz.

(1st Cir.), cert. denied, 558 U.S. 959 (2009) (*Pratt*). Cf. *United States* v. *Branch*, 46 F.3d 440, 442 (5th Cir. 1995) ("Once a stipulation is entered, even in a criminal case, the government is relieved of its burden to prove the fact which has been stipulated by the parties"). Cf. also *United States* v. *Ayoub*, 498 F.3d 532, 545-546 (6th Cir. 2007), cert. denied, 555 U.S. 830 (2008) (following *Branch*); *United States* v. *Harrison*, 204 F.3d 236, 240-242 (D.C. Cir.), cert. denied, 531 U.S. 911 (2000) (same); *United States* v. *Hardin*, 139 F.3d 813, 816 (11th Cir.), cert. denied, 525 U.S. 898 (1998) (same).[8] Accord *Brown* v. *State*, 719 So. 2d 882, 888-889 (Fla. 1998); *State* v. *Murray*, 116 Haw. 3, 21 (2007); *State* v. *Wolf*, 134 Wash. App. 196, 199, 202-203 (2006).[9]

[8]As indicated in the text, some Federal courts, like those in *United States* v. *Muse*, 83 F.3d 672, 678-679 (4th Cir.), cert. denied, 519 U.S. 904 (1996), and *United States* v. *Pratt*, 496 F.3d 124, 128 (1st Cir. 2007), vacated and remanded, 555 U.S. 1132 (2009), judgment aff'd on remand, 568 F.3d 11, 15, 17-18 (1st Cir.), cert. denied, 558 U.S. 959 (2009) (*Pratt*), describe a stipulation as removing the burden on the government to *produce* "other" evidence of the facts stipulated to, and state that the stipulation should be placed before the jury as part of the government's case; other courts, like those in *United States* v. *Branch*, 46 F.3d 440, 442 (5th Cir. 1995), and *United States* v. *Ayoub*, 498 F.3d 532, 545-546 (6th Cir. 2007), cert. denied, 555 U.S. 830 (2008), view a stipulation as relieving the government of its burden to *prove* that element, and declare that the stipulation itself need not be introduced in evidence, although the jury must be made aware of the stipulation in some form and at some point before deliberations. (The State court decisions cited next in the text also conclude that a stipulation by the defendant as to an element of the offense on trial operates to relieve the government of its burden to *prove* that element.) As indicated *infra*, it is not necessary in the present case to choose between these approaches.

[9]In an action charging a defendant with being a felon in possession of a firearm, the element of a prior felony conviction represents a "status" element with respect to the defendant: his status as a convicted felon. Because of this, and in light of the potential for prejudice to the defendant created by identifying for the jury the nature of the prior felony conviction or its underlying facts, the United States Supreme Court has held that it is an abuse of discretion for a Federal trial judge to refuse a defendant's offer to stipulate to his prior felon status, citing Fed. R. Evid. 403 (evidence is more prejudicial than probative). *Old Chief* v. *United States*, 519 U.S. 172, 174, 190-192 (1997). See *Brown* v. *State*, 719 So. 2d 882, 889 (Fla. 1998) (reaching same result in relation to Florida felon-in-possession law). See also *State* v. *Murray*, 116 Haw. 3, 19-21 (2007) (same in relation to domestic violence crime with prior felony conviction as element). We do not deal in this case with a stipulation concerning a status element of a crime, and the defendant does not argue that

In the *Pratt* case, 496 F.3d at 127-128, the United States Court of Appeals for the First Circuit concluded that it was at least a "technical error" for the parties and the judge to present a stipulation concerning an element of the crime charged to the jury for the first time during the judge's final instructions — although not an error that "remotely warrant[ed] reversal of Pratt's conviction." See *id.* at 130.[10] The stipulation at issue in this case was handled at trial in the same manner as in *Pratt.* We need not decide whether the failure to introduce the stipulation in evidence or otherwise place it before the jury before the close of the Commonwealth's case was error, technical or otherwise, because even if we were to assume that it was, no substantial risk of a miscarriage of justice occurred.[11]

This was not a case where the defendant stipulated to all the evidence on which a case was tried to a judge, in an effort to preserve his right to appeal the judge's pretrial rulings. See *Commonwealth* v. *Castillo*, 66 Mass. App. Ct. 34, 35-37 (2006) (defendant's stipulation to all material facts conclusive of guilt in order to appeal denial of motion to suppress decision was not tantamount to guilty plea; failure of judge to conduct proper inquiry of defendant's understanding of significance of such procedure required reversal of conviction). See also *Commonwealth* v. *Brown*, 55 Mass. App. Ct. 440, 448-449 (2002)

by entering a stipulation with the Commonwealth concerning the identity of the substance as cocaine, the Commonwealth was precluded from introducing any other evidence pertaining to that element. Cf. *Commonwealth* v. *Andrews*, 403 Mass. 441, 451 (1988) (rejecting defendants' claim that Commonwealth improperly called witness to explain significance of document because defendants could have stipulated to facts reflected in document, observing that Commonwealth "has a right to try its case in its own way so long as it engages in no calculated impropriety"). Accordingly, we do not consider here in what circumstances the refusal to accept a defendant's proffered stipulation to an element of an offense being tried might constitute an abuse of discretion or other error.

[10]In a concurring opinion, one judge disagreed with the finding of technical error, concluding that "[n]o single ritual has been prescribed for advising the jury that a factual issue has been stipulated to by the parties," and that this was "a matter that should be left to the informed discretion of the district judge." *Pratt*, 496 F.3d at 131 (Boudin, C.J., concurring in judgment).

[11]Because the defendant did not object to the manner in which the stipulation was handled in this case, the appropriate standard of review is whether there was a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Delaney*, 442 Mass. 604, 615 (2004).

(stipulation to all evidence at jury-waived trial was tantamount to guilty plea); *Commonwealth* v. *Hill,* 20 Mass. App. Ct. 130, 132-133 (1985) (defendant who stipulates facts that are conclusive of guilt in effect relinquishes same rights as one who pleads guilty, and is entitled to same safeguards that surround acceptance of guilty plea). Cf. *Commonwealth* v. *Lewis,* 399 Mass. 761, 762-763 (1987) (defendant offered to plead guilty or to admit to sufficient facts; same safeguards triggered). Rather, this was a full-blown trial before a jury in which the defendant's counsel agreed to stipulate to only one element of the distribution offense, namely, that the substance at issue was cocaine. At trial, the defendant (through counsel) emphasized purported gaps in the police officer's testimony and proposed the alternate theory that it was McDonald who distributed the cocaine to the defendant, not the other way around. The judge informed the jury of the substance of the stipulation before they began to deliberate, and there is no evidence in the record that the defendant, who was certainly present during the judge's charge to the jury, disagreed with that substance. Moreover, the judge also informed the jury repeatedly that the Commonwealth had the burden of proving *all* the elements of the offenses charged — including, implicitly, proof that the substance in question was cocaine. In the circumstances, we cannot identify any prejudice to the defendant arising from the fact that the stipulation itself was explained to the jury during the judge's final instructions and not placed before them during the evidence phase of the trial. The defendant has not argued otherwise, and reversal of his conviction on this ground is not warranted. See *Commonwealth* v. *Delaney,* 442 Mass. 604, 615 (2004).

Nevertheless, we conclude that in the future,[12] when the defendant and the Commonwealth have agreed to stipulate to the existence of an element in a case, the stipulation should be placed before the jury before the close of the evidence. Such a rule is consistent with the acknowledged burdens of production and proof that rest with the Commonwealth in a criminal case. See *United States* v. *Muse,* 83 F.3d at 679 ("While a valid stipula-

---

[12]As we stated at the beginning of the opinion, this court has not addressed previously the manner in which a stipulation concerning an element of the case or of material facts should be placed before the jury.

tion relieves the prosecution of the burden of producing any other evidence in order to establish the fact stipulated, it does not relieve the prosecution from the 'burden of proving every element of the crime' beyond a reasonable doubt" [citation omitted]). It also will avoid the potential difficulty that could arise if there is a misunderstanding between the parties as to whether there is a stipulation regarding the existence of an element of an offense, no mention is made of the stipulation before the close of the Commonwealth's case, and the defendant then moves for a required finding of not guilty because no evidence was introduced with respect to that element.[13] This rule, which is not constitutionally based, shall apply to all criminal trials conducted after the date of the rescript in this case.[14]

2. *Need for the defendant to sign an evidentiary stipulation or be informed of its consequences.* The defendant further contends that any stipulation as to the existence of an element of an offense either must be memorialized in a writing the defendant has signed or must be the subject of a specific colloquy between the judge and the defendant; and that because neither occurred in this case, he is entitled to a new trial. For support, the defendant points to our rule governing pretrial conferences in criminal cases, Mass. R. Crim. P. 11, and in particular rule 11 (a) (2) (A), which provides that in connection with the pretrial conference, a written pretrial conference report must be filed that has been

---

[13]Placing the stipulation before the jury during the evidence phase of the case is also consistent with the general instructions provided to juries that they are to decide the case "solely from the evidence admitted in this case," and that the judge's instructions "are *not* evidence" (emphasis added). See Instruction 2.220, Criminal Model Jury Instructions for Use in the District Court (Mass. Cont. Legal Educ. 2009). See also *Pratt*, 496 F.3d at 128 (citing Pattern Criminal Jury Instructions for the District Courts of the First Circuit [1998], and other pattern instructions of other Federal circuits).

[14]It should be emphasized that the rule we establish here is only that the stipulation must be placed before the jury during the evidence phase of a trial; *how* the stipulation is introduced is up to parties and the trial judge. See *Pratt*, 496 F.3d at 127 ("presentation [of a stipulation to the jury] may take various forms: the stipulation itself could be entered into evidence, the court could read the stipulation into evidence, or the parties could agree that one of them will publish the stipulation to the jury"). See also, e.g., *Commonwealth* v. *Miller*, 457 Mass. 69, 77 (2010) (stipulation read by judge); *Commonwealth* v. *Wilson*, 381 Mass. 90, 105 (1980) (stipulated statements entered as exhibit and presented orally to jury by defense counsel).

"subscribed" or signed by the prosecutor and the defendant's counsel, and that the defendant also must sign the report "when the report contains stipulations as to material facts."[15]

The defendant's argument fails. Rule 11 (a) by its terms concerns pretrial conferences only. If, as apparently was the case here, the parties reach a stipulation at a later point in the life of a case, rule 11 (a) does not govern it, and therefore the requirement in rule 11 (a) (2) (A) that "stipulations as to material facts" be included in a writing signed by the defendant also does not apply. Nor is there any requirement in rule 11 (a) or elsewhere to the effect that if the defendant has not signed a stipulation concerning a material fact or a particular element of the crime charged, it is necessary for the judge to engage the defendant in a colloquy about it;[16] as earlier indicated, this is not a case where the defendant and the Commonwealth have stipulated to all the evidence to be presented at a bench trial in contemplation of a guilty finding from which an appeal could be taken. See *Commonwealth* v. *Castillo*, 66 Mass. App. Ct. at 37.

That being said, the reason for requiring a writing signed by a defendant in connection with any stipulation agreed upon at the time of a pretrial conference, but not with respect to a stipulation that the parties reach at a later time, is far from obvious.[17] Accordingly, we request this court's standing advisory

---

[15]Rule 11 (a) (2) (A) of the Massachusetts Rules of Criminal Procedure, as appearing in 442 Mass. 1509 (2004), states as follows:

"(2) *Conference Report.*

"(A) Filing. A conference report, subscribed by the prosecuting attorney and counsel for the defendant, and when necessary to waive constitutional rights *or when the report contains stipulations as to material facts, by the defendant,* shall be filed with the clerk of the court . . . . The conference report shall contain a statement of those matters upon which the parties have reached agreement, including any stipulations of fact, and a statement of those matters upon which the parties could not agree which are to be the subject of pretrial motions. Agreements reduced to writing in the conference report shall be binding on the parties and shall control the subsequent course of the proceeding." (Emphasis added.)

[16]The defendant does not argue that such a colloquy is constitutionally required, and we do not consider the issue.

[17]Citing Mass. R. Crim. P. 11 (a) (1) (C) (iv) (pretrial conference should

committee on the rules of criminal procedure to consider whether it would be appropriate to add to those rules — whether by amendment to rule 11 or in some other manner — a provision requiring that any stipulation between the Commonwealth and the defendant as to the existence of a material fact or an element of an offense charged be set out in a writing that the defendant signs or be confirmed through a colloquy on the record.[18]

3. *Sufficiency of the evidence of distribution.* Finally, we consider the defendant's claim that the evidence was insufficient to permit a finding by the jury that on July 6, 2010, he "distributed" cocaine.

The evidence presented at trial, considered in the light most favorable to the Commonwealth, showed that on July 6, 2010, the defendant arrived outside Karen McDonald's residence in his green SUV and, through the open passenger window of his vehicle, handed McDonald six bags of a white powder substance identified at trial as cocaine, and that in exchange he received cash. Such possible findings were supported by the testimony of the police officer who witnessed the June 29 and July 6 transactions; by evidence that a search of the defendant soon after the July 6 transaction between the defendant and McDonald occurred yielded two stacks of currency in the defendant's pocket, but no drugs; and by evidence that although the police had

include discussion of "whether issues of fact can be resolved by stipulation"), the Appeals Court has suggested that "[t]he Massachusetts Rules of Criminal Procedure contemplate that factual stipulations in criminal trials will be the product of negotiation and agreement prior to trial." *Commonwealth* v. *Ramsey*, 79 Mass. App. Ct. 724, 730 n.9 (2011), *S.C.*, *post* 489 (2013). In a different case, the Appeals Court also has suggested that rule 11 (a) (2) (A)'s provision for stipulations of material facts to be memorialized in a writing subscribed by the defendant may continue to apply, at least in substance, at later stages of the proceeding. See *Commonwealth* v. *Walorz*, 79 Mass. App. Ct. 132, 135 (2011). As indicated in the text, we do not agree that rule 11 (a), as currently drafted, has the reach that the Appeals Court ascribes to it, but that does not mean that our criminal rules should continue to be silent with respect to evidentiary stipulations reached after the pretrial conference has taken place.

[18]We note that in most of the Federal cases cited and discussed in part 1, *supra*, the defendant and the government had entered into a written stipulation that was signed by the defendant. Further, in *State* v. *Murray*, 116 Haw. at 12, and *Brown* v. *State*, 719 So. 2d at 889, also cited in part 1, the courts held that when a defendant stipulates with the prosecution to the existence of an element in the case, the judge must engage in a colloquy with the defendant concerning the defendant's willingness to stipulate and understanding of its effect.

observed the defendant and McDonald interact outside McDonald's house on both June 29 and July 6, 2010, when questioned by a police officer regarding his whereabouts, the defendant denied knowing McDonald or having been on McDonald's street before July 6 — evidence that could be accepted as indicating consciousness of guilt. While, as the defendant's trial counsel argued to the jury, there were other ways to interpret the hand-to-hand transactions through the open car window that the police officer observed on both June 29 and July 6, and it was possible that McDonald was the person who was engaged in selling cocaine, the jury were not obliged to accept this view. In sum, applying the standard of *Commonwealth* v. *Latimore*, 378 Mass. at 678-679, we conclude that the evidence was sufficient reasonably to satisfy the jury beyond a reasonable doubt that on July 6, the defendant knowingly or intentionally distributed cocaine.

4. *Conclusion.* The defendant's conviction of distribution of a class B controlled substance in violation of G. L. c. 94C, § 32A (*c*), is affirmed. We vacate the defendant's conviction of committing a violation of G. L. c. 94C in a school zone in violation of G. L. c. 94C, § 32J, and remand this case to the District Court for a judgment of dismissal on that charge.

*So ordered.*