NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

18-P-311                                          Appeals Court

COMMONWEALTH  vs.  SARAH KURKO.

No. 18-P-311.

Suffolk.     March 12, 2019. - August 1, 2019.

Present:  Desmond, Sacks, & Lemire, JJ.


Harassment Prevention.  Practice, Criminal, Required finding,
    Directed verdict, Stipulation.



     Complaint received and sworn to in the Brighton Division of
the Boston Municipal Court Department on March 8, 2016.

     The case was tried before Myong J. Joun, J.


     Sarah M. Unger for the defendant.
     Monica J. DeLateur, Assistant District Attorney, for the
Commonwealth.


     LEMIRE, J.  After a one-day jury trial, the defendant was

convicted of a single count of violation of a harassment

prevention order.  At the close of the Commonwealth's evidence,

and at the close of all evidence, the defendant moved for a

required finding of not guilty.  Her motions were denied.  On

appeal, she argues that the trial judge erred in denying her

motion at the close of the Commonwealth's case because there was insufficient evidence to support her conviction. Because we agree that the Commonwealth presented insufficient evidence on the sole charge, we reverse the judgment and set aside the verdict.[1]

Facts. We recite the facts in the light most favorable to the Commonwealth. The complainant was a concierge at a luxury condominium complex, whose job was to greet and assist the residents. During his employment there, he obtained a harassment prevention order against the defendant, a resident. The complainant continued to have regular daily contact with the defendant at the complex after obtaining the order, despite trying to avoid her. On the afternoon of January 5, 2016, while the harassment prevention order against the defendant was still active, the complainant was beginning his shift, and was taking over from a coworker who was ending her shift. The complainant's coworker had been assisting the defendant with paperwork, which was "jumbled and mixed up." When the complainant took over the task, he told the defendant that she needed to put the papers in order, and she "erupted." The

---

[1] The defendant also claims that the prosecutor's closing argument improperly referred to acts of alleged prior harassment by the defendant. Given our conclusion, detailed infra, that there was insufficient evidence to support her conviction, we need not address this claim.

defendant was "screaming at the top of [her] lungs" and swearing. She lunged toward the complainant over the desk, and pointed her finger in his face. The complainant told her to lower her voice and "go to [her] unit," but she refused, and he ultimately called 911 for assistance. The interaction lasted approximately twelve to fifteen minutes before the defendant "went back up into her unit."

The defendant testified that the complainant had taken the papers in question and "just threw them up in the air." She admitted that she had gotten upset and angry, and was yelling and swearing, but denied lunging at the complainant. During her testimony, the defendant was not asked about the harassment prevention order at issue, and made no reference to it.

Prior to trial, the parties notified the judge that they intended to stipulate to (1) the existence of the order; (2) that it was in effect on the date of the offense; and (3) that the defendant was served with the order and aware of its existence and terms. Ultimately, however, no such stipulation was introduced in evidence or otherwise presented to the jury before the close of evidence. Although the parties and the judge had expressed their expectation that the Commonwealth

would introduce a redacted copy of the order itself in evidence, the order was never proffered.[2]

At the close of the Commonwealth's evidence, the defendant moved for a directed verdict, arguing only that the defendant's conduct did not rise to a level sufficient to violate the order. At the close of all evidence, the defendant renewed her motion without additional argument. During a charge conference, the parties reiterated their understanding of the stipulation, and agreed that the judge would not instruct the jury on the element of knowledge. Without objection, during the jury charge, the judge then instructed the jury that "both sides agreed and stipulated" that (1) a court issued a harassment prevention order prohibiting the defendant from abusing or harassing the complainant; (2) the order was in effect on the day of the alleged violation; and (3) the defendant knew of the order and its terms. He instructed the jury that the only element that they needed to consider was whether the defendant violated the order by abusing or harassing the complainant.

Discussion. On a challenge to sufficiency, we review to determine "whether, after viewing the evidence in the light most

_____

[2] In addition to the parties discussing the expected admission of the order prior to trial, the judge in his initial instructions told the jury, "You will get to see a copy of [the order], you will get to look at it, and you will learn, as you hear the evidence, what the order said and whether she violated that order."

favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Commonwealth</u> v. <u>Latimore</u>, 378 Mass. 671, 677, quoting <u>Jackson</u> v. <u>Virginia</u>, 443 U.S. 307, 319 (1979). To convict a defendant of violation of a harassment prevention order, the Commonwealth must prove "that a court had issued such an order; that the order was in effect on the date that the violation allegedly occurred; that the defendant knew the pertinent terms of the order; and that the defendant violated the order." <u>Commonwealth</u> v. <u>Raymond</u>, 54 Mass. App. Ct. 488, 492 (2002). "Consequently, unless there is an appropriate stipulation, at least a redacted [harassment] prevention order often is introduced to prove the crime of violation of that order." <u>Commonwealth</u> v. <u>Reddy</u>, 85 Mass. App. Ct. 104, 109 (2014).

The Commonwealth appropriately concedes that the stipulation at issue here was improperly executed, and was not before the jury prior to the close of evidence in the case. It is "incumbent on the Commonwealth to ensure that any stipulation concerning the existence of an element of the crime charged or of any material fact related to proof of the crime is presented in some manner to the jury as part of the evidence of the case." <u>Commonwealth</u> v. <u>Ortiz</u>, 466 Mass. 475, 476 (2013) (announcing prospective rule). "Such a rule is consistent with the

acknowledged burdens of production and proof that rest with the Commonwealth in a criminal case." Id. at 484. Following Ortiz, Mass. R. Crim. P. 23, 471 Mass. 1501 (2015), was adopted to provide clear guidance "for the manner in which stipulations of fact agreed to by the parties before or during trial are to be memorialized and used at trial."[3] Reporter's Notes to Mass. R. Crim. P. 23, Massachusetts Rules of Court, at 190 (Thomson Reuters 2019). See Mass. G. Evid. § 611(g)(2) (2019). The Commonwealth urges that despite its failure to provide the jury with the stipulation, the error does not merit reversal as it was merely "technical," and did not result in a substantial risk of a miscarriage of justice.[4] We disagree.

As the Commonwealth argues, the mutual intent of the parties to enter into the stipulation at issue was indeed apparent throughout the trial. Nonetheless, to be properly considered to contribute to the Commonwealth's proof, a stipulation must be presented to the jury during the evidence

---

[3] "Any stipulation to an essential element of a charged offense entered by the parties before or during trial shall be in writing and signed by the prosecutor, the defendant, and defense counsel. Any such stipulation shall be read to the jury before the close of the Commonwealth's case and may be introduced into evidence." Mass. R. Crim. P. 23 (a).

[4] The Commonwealth concedes that the stipulation in this case was not in compliance with Mass. R. Crim. P. 23 (a) because it was not reduced to writing, and not signed by the prosecutor, defense counsel, and the defendant.

phase. See Ortiz, 466 Mass. at 484; Mass. G. Evid. § 611(g)(2). At the close of evidence in the case at bar, the jury had no evidence before them specifying the terms of the harassment prevention order at issue and, thus, no basis to conclude that the defendant had violated the order. They additionally had heard no evidence tending to demonstrate that the defendant was aware of the order and its terms. Contrary to the Commonwealth's argument, the fact that the defendant did not contest the points at issue during the trial is of no moment. A "defendant's theory of [her] case cannot relieve the Commonwealth of its burden of proving every element of a crime beyond a reasonable doubt." Commonwealth v. Charles, 456 Mass. 378, 383 (2010), quoting Commonwealth v. Shea, 398 Mass. 264, 269 (1986) (concessions in opening and closing statements do not constitute valid stipulations). The Commonwealth's proof at the close of evidence was fatally insufficient to convict the defendant, and "a conviction premised on legally insufficient evidence always creates a substantial risk of a miscarriage of justice." Commonwealth v. Montes, 49 Mass. App. Ct. 789, 792 n.4 (2000). See Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986) ("findings based on legally insufficient evidence are inherently serious enough to create a substantial risk of a miscarriage of justice").

Accordingly, the judgment is reversed and the verdict is set aside.  Judgment shall enter for the defendant.

<u>So ordered</u>.