NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-131

COMMONWEALTH

vs.

ROBERT L. ADAMS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Robert L. Adams, pleaded guilty in District Court to possession with intent to distribute a class A substance, G. L. c. 94C, § 32 (a), and possession with intent to distribute a class B substance, G. L. c. 94C, § 32A (a).  The plea judge imposed one-year concurrent sentences, suspended for one year.  On January 11, 2023, a notice of probation violation issued, charging the defendant with distribution of a class B substance, subsequent offense, in violation of G. L. c. 94C, § 32A (b).  After a hearing on March 27, 2023, a second judge (hearing judge) found the defendant in violation and revoked his probation.  We affirm.

1.  Proof of the probation violation.  The defendant claims that the hearing judge abused his discretion in finding the defendant in violation of his probation because there was insufficient evidence to show that the defendant distributed cocaine.  "The Commonwealth must prove a violation of probation by a preponderance of the evidence."  Commonwealth v. Bukin, 467 Mass. 516, 520 (2014).  "A determination whether a violation of probation has occurred lies within the discretion of the hearing judge."  Id. at 519-520.  We review an order revoking probation for abuse of discretion to determine "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the defendant] had violated the specified conditions of his probation."  Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).  Accord Commonwealth v. Jarrett, 491 Mass. 437, 440 (2023).

Here, the Commonwealth presented sufficient evidence that the defendant committed the offense of distribution of a class B substance, in violation of G. L. c. 94C, § 32A (a).  "To establish a probation violation based on a criminal offense, the Commonwealth must prove each element of the offense by a preponderance of the evidence."  Commonwealth v. Gelin, 494 Mass. 777, 784 (2024).  To prove distribution of a class B substance, the Commonwealth must prove:  (1) the identity of the

substance in question as a controlled substance, cocaine; (2) distribution by the defendant; and (3) that the defendant distributed the controlled substance knowingly or intentionally." Commonwealth v. Ortiz, 466 Mass. 475, 480 (2013).

At the probation revocation hearing, a member of the Quincy police department's drug control unit testified that, while driving an unmarked vehicle on the evening of January 5, 2023, he began to surveil a black Lexus owned by a person with a history of drug crimes. After notifying other members of the drug control unit, the officer watched the driver manipulate a cell phone and pull into a parking lot. The officer then watched a man, later identified as the defendant, walk to the driver-side window of the Lexus, reach into the window, and pull his hand out. The officer got out of his vehicle and approached the defendant, whom he recognized from an earlier investigation for cocaine distribution in which cocaine and fentanyl were recovered from the defendant. This time, after the officer introduced himself, the defendant opened his jacket and said, "I don't have anything on me. You can search me." After the officer asked his colleagues by radio to stop the Lexus, he received a transmission that they had recovered from its driver a plastic bag containing a white rock-like substance. The

3

officer searched the defendant and found two separate folds of cash, one containing $150 and the other $1600. At the drug unit office, the officer examined the plastic bag and determined that its contents were consistent with $150 worth of cocaine. He was present as another officer field-tested the contents of the plastic bag and found the presumptive presence of cocaine. The State police crime laboratory later certified that the bag contained 1.52 grams of cocaine.

This evidence was sufficient to support a determination, by a preponderance of the evidence, that the defendant knowingly distributed cocaine. See Jarrett, 491 Mass. at 445. Although the officer did not see an exchange of money for drugs, he had a reasonable belief, based on his training and experience in the drug control unit, that he witnessed a street-level drug transaction. See, e.g., Commonwealth v. Sanders, 90 Mass. App. Ct. 660, 662-663 (2016) (crediting officer's testimony about "a common method of selling drugs . . . in the form of 'car meets,' wherein a buyer would arrive via a vehicle, use a cellular telephone (cell phone) to contact a seller, and then arrange an in-person transaction at the vehicle"). The subsequent recovery of a plastic bag containing cocaine from the driver and two folds of cash from the defendant provided additional evidence that a drug transaction had occurred. The officer also

4

testified, based on his training and experience, that the fold of $150 in cash found on the defendant was equivalent to the value of the cocaine seized from the driver.  See, e.g., Commonwealth v. Dancy, 75 Mass. App. Ct. 175, 177-179 (2009) (where officer testified that cocaine was commonly sold in twenty-dollar denominations, twenty-dollar bill found in one of defendant's pockets and large amount of cash in another was sufficient circumstantial evidence that defendant sold cocaine even though "no witness observed a hand-to-hand drug transfer").  Accordingly, the hearing judge did not abuse his discretion in concluding that the defendant violated his probation by distributing a class B substance on January 5, 2023.

2.  Reliance on limited hearsay testimony.  The defendant contends that the hearing judge erred in allowing the officer to testify about what the other members of the drug control unit recovered from the driver of the Lexus.  After the prosecutor asked the officer "what, if anything, occurred" after the driver was stopped, the defendant objected on hearsay grounds.  The judge allowed the officer to provide limited testimony about what he learned by radio transmission, stating, "don't forget, this is probation surrender, so there's a little bit more leeway here."  The officer testified that he learned that the officers

recovered the plastic bag; the judge did not allow him to testify about what the driver told the officers.

Although "standard evidentiary rules do not apply to probation revocation hearings," a finding of a probation violation must be based on reliable evidence. Commonwealth v. Durling, 407 Mass. 108, 117 (1990). "A judge may rely on hearsay evidence at a probation violation hearing where the evidence has substantial indicia of reliability." Commonwealth v. Ogarro, 95 Mass. App. Ct. 662, 668 (2019). In assessing whether hearsay is substantially reliable, the judge may consider:

> "(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."

Commonwealth v. Costa, 490 Mass. 118, 124 (2022), quoting Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016). "There is no requirement that hearsay satisfy all the above criteria to be trustworthy and reliable." Commonwealth v. Patton, 458 Mass. 119, 133 (2010).

When a "judge relies on hearsay evidence in finding a violation of probation, the judge should set forth in writing or

6

on the record why the judge found the hearsay evidence to be reliable." Hartfield, 474 Mass. at 485. See Commonwealth v. Grant G., 96 Mass. App. Ct. 721, 725 (2019); Rules 6(c) and 7 of the District/Municipal Court Rules for Probation Violation Proceedings (2015). Here, the judge did not make an explicit determination of reliability with respect to this particular testimony, which would have been the better practice. Nevertheless, we can infer an implicit determination based on his explanation that "this is a probation surrender," as well as his rulings limiting the officer's testimony to what was recovered from the driver. See Commonwealth v. Nunez, 446 Mass. 54, 59 & n.6 (2006) (statement that "[t]his is a probation surrender hearing" can be interpreted as "an implicit determination that the hearsay is reliable," even though it is advisable "for such a finding to be stated on the record").

The admission of this testimony did not violate the defendant's due process rights. See Costa, 490 Mass. at 126. Most of the officer's testimony was based on his personal knowledge and direct observation, but he also testified that he was in radio contact with the other members of the drug control unit. The limited hearsay testimony allowed by the judge concerned a specific fact within the other officers' personal knowledge -- their recovery of the plastic bag from the driver.

This fact was supported by other unobjected-to details about the stop of the Lexus, including the location of the stop and the identity of the driver. That the plastic bag contained a white rock-like substance was corroborated by the officer's testimony that he personally examined the bag at the drug unit office, believed it was consistent with $150 worth of cocaine, and watched as another officer conducted a field test that found the presence of cocaine. Accordingly, even though the judge should have stated in writing or on the record why he found this limited hearsay testimony to be reliable, Hartfield, 474 Mass. at 485, he did not err or abuse his discretion in allowing the testimony or in determining that a probation violation occurred. See Bukin, 467 Mass. at 520-521.

Order revoking probation and
imposing sentence affirmed.

By the Court (Henry, Smyth &
Toone, JJ.[1]),

Clerk

Entered: April 16, 2025.

[1] The panelists are listed in order of seniority.