NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-816

COMMONWEALTH

vs.

KYLEB CARVALHO.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant was convicted of violating a harassment prevention order.  See G. L. c. 258E, § 9.  He raises a number of arguments on appeal from his conviction, none of which we need to address because, as the Commonwealth appropriately concedes, the failure to present any evidence via a stipulation or otherwise that the defendant had knowledge of the order and its terms rendered the evidence insufficient to prove the charge beyond a reasonable doubt.  Consequently, the judgment of conviction must be reversed and the verdict set aside.

Commendably, the Commonwealth brought this issue to our attention prior to oral argument in a letter filed pursuant to

Mass. R. A. P. 16, as appearing in 481 Mass. 1628 (2019). To convict a defendant of a violation of a harassment prevention order, the Commonwealth must prove "[(1)] that a court had issued such an order; [(2)] that the order was in effect on the date that the violation allegedly occurred; [(3)] that the defendant knew the pertinent terms of the order; and [(4)] that the defendant violated the order." Commonwealth v. Raymond, 54 Mass. App. Ct. 488, 492 (2002). Here, the parties stipulated to the first two elements. The judge conducted a colloquy with the defendant confirming his understanding of that stipulation and the judge informed the jury that the parties had stipulated to these two elements both in his preliminary and final instructions to the jury.[1] However, although there was no dispute at trial that the defendant had knowledge of the order, and it appears that the parties intended to stipulate to that element as well, no stipulation to that effect and no evidence regarding the third element (including that the defendant was served with the harassment prevention order) was introduced at trial.[2]

---

[1] It bears noting that no stipulations were read to the jury as required by Mass. R. Crim. P. 23 (a), 471 Mass. 1501 (2015). Given our conclusion, we do not address the question whether this failure is a significant one.

[2] At one point during a discussion regarding possible stipulations and the admissibility of video recording evidence,

2

It is "incumbent on the Commonwealth to ensure that any stipulation concerning the existence of an element of the crime charged or of any material fact related to proof of the crime is presented in some manner to the jury as part of the evidence of the case." Commonwealth v. Ortiz, 466 Mass. 475, 476 (2013). Here, as noted, no stipulation related to the third element was presented to the jury in any manner, thereby rendering the evidence fatally insufficient to convict the defendant because, as the Commonwealth concedes, there was no further evidence as to the defendant's knowledge of the harassment prevention order. As "a conviction premised on legally insufficient evidence always creates a substantial risk of a miscarriage of justice," the judgment is reversed, and the verdict is set aside. Commonwealth v. Kurko, 95 Mass. App. Ct. 719, 722 (2019),

---

defense counsel stated that the defendant would stipulate to the first three elements of the offense.

quoting Commonwealth v. Montes, 49 Mass. App. Ct. 789, 792 n.4 (2000).  Judgment shall enter for the defendant.

So ordered.

By the Court (Vuono,
  Ditkoff & D'Angelo, JJ.[3]),

Clerk

Entered:  February 26, 2026.

---

[3] The panelists are listed in order of seniority.